Samuel LEISER, Claimant, Appellant,

v.

UNITED STATES of America, Libelant, Appellee.

No. 5098.

United States Court of Appeals First Circuit.

June 13, 1956.

Paul E. Troy, Boston, Mass., Arthur Brogna, Boston, Mass., on the brief, for appellant.

George H. Lewald, Asst. U. S. Atty., Boston, Mass., Anthony Julian, U. S. Atty., and Andrew A. Caffrey, Asst. U. S. Atty., Boston, Mass., on the brief, for appellee.

Before MAGRUDER, Chief Judge, and WOODBURY and HARTIGAN, Circuit Judges

HARTIGAN, Circuit Judge.

This is an appeal from a decree entered January 31, 1956, in the United States District Court for the District of Massachusetts allowing appellee's motion for summary judgment in a libel proceeding instituted by the appellee against 532.33 carats, more or less, of cut and polished diamonds.

The appellant, Samuel Leiser, with the diamonds in his possession, was traveling by air from Frankfort, Germany to Gander, Newfoundland by way of Paris. His ultimate destination was Bermuda. His tickets called for no stop in the United States, but owing to adverse weather conditions his plane overflew Gander at about 11:30 p. m. on June 6, 1954, and appellant, contrary to his original expec-

tation and intent, landed at Boston, Massachusetts on the morning of June 7, 1954. Before any customs officer approached him in Boston he made arrangements to return to Canada by the next available plane which was scheduled to leave at 7 a. m. Appellant failed to declare the diamonds in his possession. Subsequent discovery by the customs officers led ultimately to a criminal indictment alleging, in Count 1, that appellant " \* \* \* did knowingly and willfully \* \* \* smuggle and clandestinely introduce into the United States certain merchandise \* \* \*," and, in Count 2, that appellant " \* \* \* did fraudulently and knowingly \* \* \* bring into the United States certain merchandise \* \* \* contrary to law, in that said merchandise was not included in the declaration and entry as made, and was not declared either orally or in writing before examination of his baggage was begun as required by the provisions of 19 U.S.C. 1497 and 1498 \* \* \* in violation of 18 U.S.C. 545." In January 1955, appellant was tried and acquitted on both counts. Shortly thereafter appellee instituted the present libel proceedings against the diamonds in question.

Without pausing to consider appellant's first contention that the libel does not set forth a cause of action entitling the United States to forfeiture, which is without merit, we turn directly to his second and somewhat more substantial claim that goods involuntarily brought into the United States by wreck, distress of weather, or vis major are exempt from customs and other local laws of the United States.

Title 19 U.S.C.A. § 1498 provides that:

"(a) The Secretary of the Treasury is authorized to prescribe rules and regulations for the declaration and entry of—

\* \* \* \* \*

"(6) Articles carried on the person or contained in the baggage of a person arriving in the United States; \* \* \*."

Title 19 U.S.C.A. § 1624 provides that:

"In addition to the specific powers conferred by this title, the Secretary of the Treasury is authorized to make such rules and regulations as may be necessary to carry out the provisions of this title."

Pursuant to the authority conferred in the aforementioned sections, the Secretary prescribed by regulation, set forth in 19 C.F.R. § 10.19: *"Declaration and entry—*(a) *Declaration required.* All articles brought into the United States by any individual shall be declared to a customs officer. \* \* \*"

Congress has further provided in Title 19 U.S.C.A. § 1496:

*"Examination of baggage*

"The collector may cause an examination to be made of the baggage of any person arriving in the United States in order to ascertain what articles are contained therein and whether subject to duty, free of duty, or prohibited notwithstanding a declaration and entry therefor has been made."

"§ 1497. *Same; penalties*

"Any article not included in the declaration and entry as made, and, before examination of the baggage was begun, not mentioned in writing by such person, if written declaration and entry was required, or orally if written declaration and entry was not required, shall be subject to forfeiture and such person shall be liable to a penalty equal to the value of such article."

As we understand appellant's argument, he contends that the word "arriving" as it appears in §§ 1496 and 1498 is to be construed in a limited technical sense, under the authority of various cases involving ships which he has cited, as meaning not mere physical arrival but rather "a voluntary or intentional arrival of such goods 'with intent to unlade' same \* \* \*" in the United States. We cannot agree with this contention.

The structure of the customs laws and regulations reflects a distinction in the requirements applicable to merchandise brought into the country as ship's cargo, on the one hand, and items carried on the person or in baggage on the other. We are not convinced that any and all exemptions which may be accorded to ships in distress must of necessity be likewise granted to individuals arriving involuntarily by air. Moreover if it had been the intent of Congress to extend similar exemptions to such individuals, we believe it would not have been done inferentially by relying upon some highly technical interpretation of an ordinary word such as "arriving", but, on the contrary, would have been spelled out in some detail as was done in § 1441(4) relating in part to vessels arriving in distress. An examination of this section reveals that it is not every vessel arriving involuntarily which is exempt from an obligation to make entry at the customhouse, but only those " * * * which shall depart within twenty-four hours after arrival without having landed or taken on board any passengers, or any merchandise other than bunker coal, bunker oil, sea stores, or ship's stores * * *." We can think of no reason why Congress would wish to grant a much more generous blanket exemption in the case of persons arriving involuntarily by air. On the contrary, the necessity of qualifying and circumscribing any such exemption would appear to be equally imperative.

We believe the word "arriving" as it appears in relevant sections of the statute does not bear the construction for which appellant contends. We believe that § 1497 subjected to forfeiture the diamonds which appellant failed to declare regardless of the fact that he came into this country involuntarily and with no "intent to unlade."

We make no mention of appellant's contentions with respect to res adjudicata and double jeopardy except to note briefly that each is based upon the same underlying error. At page 50 of his brief appellant says:

"It has been pointed out under point V above that the issue in both the criminal case and the present proceedings is the same, viz., whether or not the appellant violated 19 U.S.C.A. 1497 by failing to declare the diamonds which were on his person when he was involuntarily flown into the United States. In both cases he was charged with violating that section."

It seems to us clear that the issues are not the same. The indictment charged that appellant did *fraudulently* and *knowingly* violate 19 U.S.C.A. § 1497. The instant case does not concern itself with what intent § 1497 was violated. If it has been violated in good faith the diamonds are nonetheless subject to forfeiture. United States v. 20 Strings Seed Pearls, etc., D.C., 34 F.2d 142.

The judgment of the district court is affirmed.