**UNITED STATES of America**

v.

**Thomas Steven BRIGANCE and George Lynn Lankford.**

**Crim. No. B–79–168.**

United States District Court,
S. D. Texas,
Brownsville Division.

July 5, 1979.

J. A. "Tony" Canales, U. S. Atty., Houston, Tex., Charles E. Lewis, Asst. U. S. Atty., Brownsville, Tex., and Maria Angela Flores, Asst. U. S. Atty., Houston, Tex., for the Government.

James A. Moore, Houston, Tex., for defendants.

## MEMORANDUM AND ORDER

GARZA, Chief Judge.

On March 27, 1979, a two-count indictment was returned against Thomas Steven Brigance[1] and George Lynn Lankford. Count 1 charged that these two Defendants conspired to smuggle eleven psittacine birds into the United States, in violation of 18 U.S.C. §§ 371[2] and 545[3]; Count 2 charged them with the actual smuggling of the birds, in violation of 18 U.S.C. §§ 545 and 2.[4]

---

[1]. The indictment originally referred to Mr. Brigance as Steven Thomas Brigance. During his arraignment on April 6, 1979, Mr. Brigance advised the Magistrate of his true and correct name, and consented to the correcting of the indictment.

[2]. 18 U.S.C. § 371 declares in pertinent part that:

> If two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy, each shall be fined not more than $10,000 or imprisoned not more than five years, or both.

[3]. 18 U.S.C. § 545 involves the crime of smuggling goods into the United States, and states in relevant part as follows:

> Whoever knowingly and willfully, with intent to defraud the United States, smuggles, or clandestinely introduces into the United States any merchandise which should have been invoiced, or makes out or passes, or attempts to pass, through the customhouse any false, forged, or fraudulent invoice, or other document or paper; or
>
> Whoever fraudulently or knowingly imports or brings into the United States, any merchandise contrary to law, or receives, conceals, buys, sells, or in any manner facilitates the transportation, concealment, or sale of such merchandise after importation, knowing the same to have been imported or brought into the United States contrary to law—
>
> Shall be fined not more than $10,000 or imprisoned not more than five years, or both.
>
> \*   \*   \*   \*   \*   \*
>
> Merchandise introduced into the United States in violation of this section, or the value thereof, to be recovered from any person described in the first or second paragraph of this section, shall be forfeited to the United States.

[4]. 18 U.S.C. § 2 declares that:

> (a) Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.

A jury was selected to try the above-named Defendants on May 21, 1979, and trial commenced on June 6, 1979. On June 12, 1979, the jury found both Defendants guilty as charged on both counts of the indictment, and the Defendants were ordered to appear before this Court on July 6, 1979, for sentencing.

On June 6, 1979, immediately prior to the commencement of the above-mentioned trial, the Defendants filed a Motion To Dismiss Indictment. Although not expressly found in the written motion to dismiss, one of the grounds for dismissal of the indictment orally urged by counsel for the Defendants was the alleged failure of the indictment to comply with the requirements of Rule 7(c)(2) of the Federal Rules of Criminal Procedure. That provision of Rule 7 states that "[w]hen an offense charged may result in a criminal forfeiture, the indictment or the information shall allege the extent of the interest or property subject to forfeiture".

At the end of Defendants' trial, following the return of the jury's verdict, the Court established a briefing schedule to permit further argument on the Rule 7 issue. After carefully considering the arguments, submitted by counsel and reviewing the applicable law, it is this Court's opinion that the denial of the Defendants' Motion To Dismiss Indictment at the start and during the course of the trial was a correct and proper ruling.[5]

The basic issue that must be decided is whether or not Rule 7(c)(2) of the Federal Rules of Criminal Procedure is applicable to the forfeiture provision of 18 U.S.C. § 545. Based upon a careful and considered review of the wording and legislative histories of 21 U.S.C. § 848[6] and 18 U.S.C. §§ 545 and 1963,[7] and upon a reading of the Advisory Committee's Notes with respect to Rule 7, this Court believes and holds that Rule

---

(b) Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal.

**5.** The body of this Memorandum and Order is limited to a discussion of the Rule 7 issue. However, with regard to the double jeopardy issue raised in the Defendants' written Motion To Dismiss Indictment, it should be noted that this Court finds the Defendants' arguments to be completely lacking in merit. *See United States v. Hall,* 559 F.2d 1160 (9th Cir. 1977), *cert. denied,* 435 U.S. 942, 98 S.Ct. 1523, 55 L.Ed.2d 539 (1978).

**6.** 21 U.S.C. § 848 provides in relevant part as follows:

(a)(1) Any person who engages in a continuing criminal enterprise shall be sentenced to a term of imprisonment which may not be less than 10 years and which may be up to life imprisonment, to a fine of not more than $100,000, and to the forfeiture prescribed in paragraph (2); except that if any person engages in such activity after one or more prior convictions of him under this section have become final, he shall be sentenced to a term of imprisonment which may not be less than 20 years and which may be up to life imprisonment, to a fine of not more than $200,000, and to the forfeiture prescribed in paragraph (2).

(2) Any person who is convicted under paragraph (1) of engaging in a continuing criminal enterprise shall forfeit to the United States—

(A) the profits obtained by him in such enterprise, and
(B) any of his interest in, claim against, or property or contractual rights of any kind affording a source of influence over, such enterprise.

**7.** 18 U.S.C. § 1963 states in pertinent parts that:

(a) Whoever violates any provision of section 1962 of this chapter shall be fined not more than $25,000 or imprisoned not more than twenty years, or both, and shall forfeit to the United States (1) any interest he has acquired or maintained in violation of section 1962, and (2) any interest in, security of, claim against, or property or contractual right of any kind affording a source of influence over, any enterprise which he has established, operated, controlled, conducted, or participated in the conduct of, in violation of section 1962.

\* \* \* \* \* \*

(c) Upon conviction of a person under this section, the court shall authorize the Attorney General to seize all property or other interest declared forfeited under this section upon such terms and conditions as the court shall deem proper. If a property right or other interest is not exercisable or transferable for value by the United States, it shall expire, and shall not revert to the convicted person. . . .

7(c)(2) is *not* applicable to indictments brought under 18 U.S.C. § 545.

This Court is well aware that the above holding directly conflicts with the position taken by the 9th Circuit Court of Appeals in the case of *United States v. Hall,* 521 F.2d 406 (9th Cir. 1975). With all due respect to the distinguished judges of that eminent circuit, the undersigned believes that *Hall* was incorrectly decided. In that case, the defendant Hall was charged with smuggling two diamond rings into the United States, in violation of 18 U.S.C. § 545. The indictment charging Hall, like the indictment in the instant case, did not allege the extent of the interest or property subject to forfeiture. The trial court apparently ruled that the indictment was defective; however, the trial judge further decided that this defect need not result in dismissal of the indictment if he ruled in advance that the government would be prohibited from invoking the forfeiture provision of § 545. After a trial before the court, Hall was convicted and sentenced to a year's imprisonment. This sentence was suspended, however, upon the condition of Hall's consent to civil forfeiture of the smuggled rings. The appellate panel, in a per curiam opinion expressly based upon the particular circumstances of the case,[8] vacated the conviction and remanded the case with directions to quash the indictment. The appeals court concluded that the trial court's actions, taken together, deprived Hall of the notice to which he was entitled under Rule 7(c)(2), along with the concomitant opportunity to defend against forfeiture. In reaching this conclusion, the panel held that Rule 7(c)(2) must be applied to the criminal forfeiture penalty of 18 U.S.C. § 545.

■ It is this Court's opinion that Rule 7(c)(2) is directed at and applicable to only those criminal forfeitures that are part of the punishment for the criminal offense; i. e., those forfeitures that are by statute made a direct and express result of a conviction of the substantive criminal charge. This opinion finds substantial support in the language and the legislative histories of the various criminal statutes mentioning forfeiture, as well as in the advisory notes concerning Rule 7(c)(2).

In 1972, Rule 7 was amended to include the provision at issue in the instant case. The Notes of the Advisory Committee on Rules provide the following insight into the intentions underlying the promulgation and adoption of the new subsection:

Subdivision (c)(2) is new. It is intended to provide procedural implementation of the recently enacted criminal forfeiture provision of the Organized Crime Control Act of 1970, Title IX, § 1963, and the Comprehensive Drug Abuse Prevention and Control Act of 1970, Title II, § 408(a)(2).

The Congress viewed the provisions of the Organized Crime Control Act of 1970 as reestablishing a limited common law criminal forfeiture. S.Rep.No.91–617, 91st Cong., 1st Sess., 79–80 (1969). The legislative history of the Comprehensive Drug Abuse Prevention and Control Act of 1970 indicates a congressional purpose to have similar procedures apply to the forfeiture of profits or interests under that act. H.Rep.No.91–1444 (part I), 91st Cong., 2d Sess., 81–85 (1970).

Under the common law, in a criminal forfeiture proceeding the defendant was apparently entitled to notice, trial, and a special jury finding on the factual issues

---

**8.** In addition to registering its disagreement with the legal conclusions made in *Hall,* this Court also wishes to note factual differences which serve to distinguish the instant case from *Hall.* First of all, there is the method by which the trial judge in *Hall* pressured the defendant therein to accept forfeiture of the merchandise involved in that case. This Court has no doubt that the trial judge's actions in *Hall* had a great deal to do with the remedy fashioned by the appellate court. Second, the nature of the merchandise involved in the instant case requires consideration of certain other policies and regulations inapplicable to the merchandise involved in *Hall.* *See, e.g.,* 9 C.F.R. Part 92, 19 C.F.R. § 12.26(i) and 21 U.S.C. § 134a. The seizure and, ultimately, the destruction of the birds involved in the instant case rest upon considerations of potential hazards not associated with the merchandise forfeited in *Hall*; the instant case involves more than a mere smuggling violation.

surrounding the declaration of forfeiture which followed his criminal conviction. Subdivision (c)(2) provides for notice. Changes in rules 31 and 32 provide for a special jury finding and for a judgment authorizing the Attorney General to seize the interest or property forfeited.

The above Notes make no reference to the forfeiture procedures existing under the provisions of 18 U.S.C. § 545. In addition, the language of Rule 7(c)(2) is more attuned to the language of 18 U.S.C. § 1963 and 21 U.S.C. § 848, the statutes the new subdivision was meant to help implement in a manner that would assure compliance with concepts of procedural fairness. Furthermore, both of the statutes mentioned in the Advisory Committee's Notes make forfeiture a direct and express part of the punishment for violation of the criminal offenses created by those statutes. On the other hand, the very structure and wording of 18 U.S.C. § 545 stand in stark contrast to the structure and wording of the two statutes mentioned in the Notes.

The legislative history of 18 U.S.C. § 1963 also includes material which tends to support this Court's opinion that fundamental differences exist between the forfeiture provisions Rule 7(c)(2) was designed to help effectuate and the forfeiture provision contained in 18 U.S.C. § 545, differences which make Rule 7(c)(2) inapplicable to indictments charging violations of § 545. For example, a Senate report includes reference to the following Department of Justice comments on the proposed Organized Crime Control Act (18 U.S.C. § 1963):

The concept of forfeiture as a criminal penalty which is embodied in this provision differs from other presently existing forfeiture provisions under Federal statutes where the proceeding is *in rem* against the property and the thing which is declared unlawful under the statute, or which is used for an unlawful purpose, or in connection with the prohibited property or transaction, is considered the offender, and the forfeiture is no part of the punishment for the criminal offense. Examples of such forfeiture provisions are those contained in the customs, narcotics, and revenue laws.

\* \* \* \* \* \*

Under the criminal forfeiture provision of section 1963, however, the proceeding is *in personam* against the defendant who is the party to be punished upon conviction of violation of any provision of the section, not only by fine and/or imprisonment, but also by forfeiture of all interest in the enterprise.

Senate Report 91-617, 91st Cong., 1st Sess., 79-80 (1969).

In effect, 18 U.S.C. § 1963 and 21 U.S.C. § 848 reestablished common-law forfeiture. Under these two statutes, forfeiture flows automatically from conviction, with the sentencing judge being able to declare the convicted defendant's interest in certain property or enterprises forfeited as part of the sentence. Rule 7(c)(2) was designed to make sure proper and adequate notice of this fact was given to defendants who would be faced with such direct forfeiture if convicted. The problem of adequate notice does not exist when 18 U.S.C. § 545 is involved, since it contains a forfeiture provision which is *in rem* in nature, not *in personam,* and which is *not* an automatic and direct consequence of conviction. Although the language of § 545 does not expressly so state, the history behind it supports the conclusion that enforcement of that section's forfeiture clause requires separate *in rem* proceedings. Indeed, the legislative history of § 545 gives clear indication that the forfeiture provision contained therein was deliberately phrased so as to avoid having forfeiture dependent upon conviction. *See* House Report No. 304, 80th Cong., 1st Sess., A46 (1947).

Finally, in what may be deemed as indirect and prospective support for this Court's holding that Rule 7(c)(2) is not applicable to indictments returned under 18 U.S.C. § 545, the undersigned wishes to refer to the Advisory Committee Note on a proposed

change to Rule 7(c)(2). In explaining the suggested change,[9] the Note declares:

The amendment to rule 7(c)(2) is intended to clarify its meaning. Subdivision (c)(2) was added in 1972, and, as noted in the Advisory Committee Note thereto, was "intended to provide procedural implementation of the recently enacted criminal forfeiture provision of the Organized Crime Control Act of 1970, Title IX, § 1963, and the Comprehensive Drug Abuse Prevention and Control Act of 1970, Title II, § 408(a)(2)." These provisions reestablished a limited common law criminal forfeiture, necessitating the addition of subdivision (c)(2) and corresponding changes in rules 31 and 32, for at common law the defendant in a criminal forfeiture proceeding was entitled to notice, trial, and a special jury finding on the factual issues surrounding the declaration of forfeiture which followed his criminal conviction.

Although there is some doubt as to what forfeiture should be characterized as "punitive" rather than "remedial", see Note, 62 Cornell L.Rev. 768 (1977), subdivision (c)(2) is intended to apply to those forfeitures which are criminal in the sense that they result from a special verdict under rule 31(e) and a judgment under rule 32(b)(2), and not to those resulting from a separate *in rem* proceeding. Because some confusion in this regard has resulted from the present wording of subdivision (c)(2), *United States v. Hall,* 521 F.2d 406 (9th Cir. 1975), a clarifying amendment is in order.

House Document No. 96–112, 96th Cong., 1st Sess., 72–73 (1979). Both the Note and the change it explains gives indirect support to this Court's conclusion that indictments returned under § 545 need not include the allegation of forfeitability called for by Rule 7(c)(2).

■ Based upon all of the above, this Court feels confident that its holding that the present Rule 7(c)(2) is not applicable to

18 U.S.C. § 545 is correct and proper. However, assuming for the purposes of supposition that Rule 7(c)(2) is indeed applicable to indictments drawn under § 545, failure to comply with that rule, given the facts of the instant case, does not mean that this Court must set aside the Defendants' convictions and dismiss the indictment *for that* failure. It has been clearly established that ". . . the validity of an indictment is determined by practical, not technical, considerations". *United States v. Miller,* 491 F.2d 638, 649 (5th Cir. 1974), *cert. denied,* 419 U.S. 970, 95 S.Ct. 236, 42 L.Ed.2d 186 (1974). In determining the sufficiency of an indictment, a court is charged with deciding whether or not the defendant has suffered a substantial prejudice of his rights due to an error or omission in the indictment. *United States v. Atchison,* 524 F.2d 367, 370 (7th Cir. 1975). As noted in *United States v. Haas,* 583 F.2d 216, 219 (5th Cir. 1978) (U.S.App.Pndg.): "[t]he test is not whether the indictment could have been framed in a more satisfactory manner but whether it conforms to minimal constitutional standards."

■ The requirements of a constitutionally adequate indictment are simple: *one,* it must allege the essential elements of the offense so as to inform the defendant of the charges he must defend himself against; and *two,* it must do so with sufficient specificity to protect the defendant from double jeopardy once a verdict is reached under that indictment. *United States v. Smith,* 523 F.2d 771, 778 (5th Cir. 1975), *cert. den.* 429 U.S. 817, 97 S.Ct. 59, 50 L.Ed.2d 76 (1976), *reh. den.* 429 U.S. 987 (1976); *accord, United States v. Crippen,* 579 F.2d 340, 342 (5th Cir. 1978), *cert. den.* 439 U.S. 1069, 99 S.Ct. 837, 59 L.Ed.2d 34 (1979). If the above two criteria are met, non-prejudicial errors, defects or omissions in the indictment will not destroy its validity. *See United States v. Levinson,* 405 F.2d 971, 977 (6th Cir. 1968), *cert. den.* 395 U.S. 958, 89

**9.** The amendment to Rule 7(c)(2) which is scheduled to take effect on August 1, 1979, reads as follows: "No judgment of forfeiture may be entered in a criminal proceeding unless the indictment or the information shall allege the extent of the interest or property subject to forfeiture." 25 Criminal Law Reporter 3049 (May 2, 1979).

S.Ct. 2097, 23 L.Ed.2d 744 (1969), *reh. den.* 396 U.S. 869, 90 S.Ct. 37, 24 L.Ed.2d 124 (1969).

 In the instant case, this Court feels that the above two criteria have been met by the indictment involved in this case, and that the failure to fully comply with Rule 7(c)(2) is an omission of such non-prejudicial nature that the essential validity of the indictment herein has not been destroyed. The fact that the indictment does not allege the extent of the interest or property subject to forfeiture is not material to this case. The defendants, through the instrumentality of the indictment returned against them, were adequately informed of the charges against them, and are completely protected from ever again being subjected to criminal charges based upon the events involved in this case. Finally, the defendants have failed to show even minimal prejudice by the alleged deficiency in the indictment returned against them. *See United States v. Contris,* 592 F.2d 893, 896 (5th Cir. 1979). The proper remedy for the failure of the government to set out the forfeitability of the birds involved in the instant case would be denial of any entry of a judgment of forfeiture, not reversal of the conviction and dismissal of the indictment.[10]

As a final note, even if one assumes *arguendo* that Rule 7(c)(2) is applicable to indictments returned under 18 U.S.C. § 545, and that the only remedy for non-compliance therewith is dismissal of that charge, it does not follow that the convictions of the defendants under Count 1 of the indictment (the conspiracy count) must be overturned and dismissed. Forfeiture is in no way connected with violations of 18 U.S.C. § 371, and Rule 7(c)(2) is completely inapplicable thereto.

Therefore, based upon the above, it is hereby

ORDERED that the Defendants' Motion To Dismiss Indictment be DENIED. The defendants shall report for sentencing at 9:30 a. m. on July 6, 1979, as previously ordered.

The Clerk shall send copies of this Memorandum and Order to all counsel.

---

10. This is the remedy implied in the proposed amendment to Rule 7(c)(2). (See footnote 9 above.) Of course, the birds involved in this case were destroyed by the government shortly after the indictment was returned, effectively mooting the issue of the propriety of judicially ordered forfeiture. While one could conceivably challenge on due process grounds the propriety of the government's action in destroying the birds prior to a judicial determination of their forfeitability, the issues such a challenge would raise are irrelevant to this Court's decision concerning the validity of the indictment.