**UNITED STATES of America, Plaintiff,**

v.

**APPROXIMATELY 2,475,840 LBS. OF CLEAN, UNROASTED COFFEE BEANS arriving in San Juan on July 15, and 29, 1984, Defendant,**

**Seaside Realty Corp., Claimant.**

**Civ. No. 84–2263 GG.**

United States District Court,
D. Puerto Rico.

April 16, 1985.

Daniel López Romo, U.S. Atty., Hato Rey, P.R., for plaintiff.

OPINION AND ORDER

GIERBOLINI, District Judge.

This is a civil action *in rem* seeking the forfeiture of defendant, approximately

2,475,840 pounds of coffee beans, seized on or about August 6, 1984 by officers of the United States Customs Service for violations of 19 U.S.C. § 1592 and 18 U.S.C. § 545. Jurisdiction is invoked under 28 U.S.C. §§ 1345 and 1355.

The claimant and apparent owner of the defendant coffee beans, Seaside Realty Corporation (Seaside) filed a motion to dismiss pursuant to Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure, contending that this court lacked jurisdiction to hear plaintiff's claim under 19 U.S.C. § 1592. It also asserted that forfeiture under 18 U.S.C. § 545 was improper. Plaintiff then voluntarily dismissed its claim under 19 U.S.C. § 1592. Thereafter, a hearing was held on claimant's motion to dismiss and the parties were granted time to file memoranda on the legislative history of Section 545.

In its motion to dismiss, claimant contends that the language of the forfeiture provision of the statute makes it clear that a conviction or, at least, an indictment is required to proceed under Section 545.[1] Accordingly, claimant asks for dismissal of this action since neither a conviction nor an indictment of a person exists in this case.

Opposing the proposition that a conviction or an indictment is a prerequisite to a Section 545 forfeiture, plaintiff cites several cases, holding that an acquittal of a defendant charged with the violation of Section 545 does not bar a subsequent forfeiture. *See One Lot Emerald Cut Stones and One Ring v. United States*, 409 U.S. 232, 93 S.Ct. 489, 34 L.Ed.2d 438 (1972) (acquittal of a violation under Section 545 does not bar a forfeiture under 19 U.S.C. § 1497); *U.S. v. One 1971 Mercedes Benz 2-Door Coupe*, 542 F.2d 912 (4th Cir.1976) (forfeiture under 49 U.S.C. 781 and 782 not barred by prior acquittal); *U.S. v. One Clipper Bow Ketch Niskku*, 548 F.2d 8 (1st Cir.1977) (dismissal of criminal charges with prejudice does not affect forfeiture under 21 U.S.C. § 881 and 49 U.S.C. § 782); *U.S. v. One Assortment of 89 Firearms*, 465 U.S. 354, 104 S.Ct. 1099, 79 L.Ed.2d 361 (1984) (a gun owner's acquittal on criminal charges involving firearms does not preclude a subsequent *in rem* forfeiture proceedings against those firearms under the Gun Control Act, 19 U.S.C. § 924(d)). *See also U.S. v. One 1969 Buick Riviera Automobile*, 493 F.2d 553 (5th Cir.1974) (dismissal with prejudice of a criminal indictment charging violations of 21 U.S.C. §§ 841(a)(1) and 952(a) does not bar a subsequent forfeiture action under 19 U.S.C. §§ 1595(a) and 952(a)); *Leiser v. U.S.*, 234 F.2d 648 (1st Cir.1956), *cert. denied*, 352 U.S. 893, 77 S.Ct. 133, 1 L.Ed.2d 87 (1956) (acquittal under 18 U.S.C. § 545 does not bar forfeiture under 19 U.S.C. § 1497).

■ However, the cases cited by plaintiff shed little light on the issue at hand since they do not decide whether Title 18, § 545, itself, requires a conviction or an indictment. First, they all involve the situation where a defendant has already gone through an indictment process. Second, they merely stand for the general proposition that the doctrines of collateral estoppel and double jeopardy are inapplicable as defenses in forfeiture proceedings where a defendant, charged with violating Section 545, was previously acquitted or his indict-

---

1. Title 18, § 545 of the United States Code provides in part that:

   Whoever knowingly and willfully, with intent to defraud the United States, smuggles, or clandestinely introduces into the United States any merchandise which should have been invoiced, or makes out or passes, or attempts to pass, through the customhouse any false, forged, or fraudulent invoice, or other document or paper; or

   Whoever fraudulently or knowingly imports or brings into the United States, any merchandise contrary to law, or receives, conceals, buys, sells, or in any manner facilitates the transportation, concealment, or sale of such merchandise after importation, knowing the same to have been imported or brought into the United States contrary to law—

   Shall be fined not more than $10,000 or imprisoned not more than five years, or both.

   *  *  *  *  *  *

   Merchandise introduced into the United States *in violation of this section,* or the value thereof, to be recovered from *any person* described in the first or second paragraph of this section, shall be forfeited to the United States. (emphasis added)

ment previously dismissed with prejudice.[2] Thus, even if it could be said for certain, that an acquittal would bar a forfeiture proceeding under Section 545, the question of whether a formal indictment is necessary would still be left open.

Moreover, all the cases cited by plaintiff involve forfeiture provisions other than Section 545 and thus, make clear only that an acquittal or dismissal does not bar a subsequent forfeiture under a different statute. No one is contending that a conviction or an indictment is needed in order to proceed under a general forfeiture statute—just that one is needed pursuant to Section 545. This being the case, it is necessary to delve into the construction and the legislative history of the statute in order to decide the issue now at hand.

Section 545 is entirely based on The Tariff Act of 1930, Title 19, Section 1593 of the United States Code which provided in part:

(b) IMPORTATION CONTRARY TO LAW. If any person fraudulently or knowingly imports or brings into the United States, or assists, buys, sells, or in any manner facilitates the transportation, concealment, or sale of such merchandise after importation, knowing the same to have been imported or brought into the United States contrary to law, *such merchandise shall be forfeited* and the offender shall be fined in any sum not exceeding $5,000 nor less than $50, or be imprisoned for any time not exceeding two years, or both. (emphasis added)

As evident from the language of this statute, the forfeiture provision was part of the punishment imposed for committing the criminal offense. As such, any merchandise brought into the United States in violation of this section was automatically forfeited to the United States upon the conviction of a defendant; no separate proceeding was necessary.

---

**2.** In *United States v. One Lot Emerald Cut Stones and One Ring,* 461 F.2d 1189 (5th Cir. 1972), *aff'd* 409 U.S. 232, 93 S.Ct. 489, 34 L.Ed.2d 438 (1972), the defendant had been acquitted of violating Title 18, § 545. Following the acquittal the government sought to forfeit the gems and ring that were allegedly smuggled and clandestinely introduced into the United States pursuant to Section 545 and under 19 U.S.C. § 1497. The court held that an acquittal under Section 545 did not bar a forfeiture action under Section 1497 because no crime of any sort had to be proved in order to impose the sanction. With respect to Section 545, the court stated:

> ... the criminal section requires proof beyond a reasonable doubt of a knowing and willful smuggling or clandestinely introducing into the United States, merchandise with intent to defraud the United States which should have been invoiced. Then it is equally plain that forfeiture provisions of the same section provide for forfeiture only if the merchandise is "introduced into the United States in violation of this section." Thus, to obtain a forfeiture under Section 545, it must be proved that the gems, here in issue, were knowingly and willfully smuggled or clandestinely introduced into the United States with intent to defraud the United States.

In affirming the Fifth Circuit, the Supreme Court in *Emerald,* 409 U.S. 232, 93 S.Ct. 489, held that neither collateral estoppel nor the doctrine of double jeopardy barred a forfeiture proceeding. Collateral estoppel would be a bar only if, in the prior criminal proceeding, the

elements of a Section 1497 forfeiture had been resolved against the government. *Id.* at 234, 93 S.Ct. at 491. The Court reasoned that the difference in the burden of proof in criminal and civil cases would preclude the application of collateral estoppel. Citing *Helvering v. Mitchell,* 303 U.S. 391, 58 S.Ct. 630, 82 L.Ed. 917 (1938), the Court stated: "[t]he acquittal of the criminal charges may have only represented 'an adjudication that the proof was not sufficient to overcome all reasonable doubt of the guilt of the accused.'" *Id.* at 235, 93 S.Ct. at 492.

The Court stated further that double jeopardy would not bar forfeiture because neither two criminal trials nor two criminal punishments were involved. Forfeiture under Section 1497 is purely a civil sanction and it is within Congress' prerogative to impose both civil and criminal sanction for the same act or omission. *Id.* at 235, 93 S.Ct. at 492.

Moreover, the Court stated that Section 1497 "does not result in a forfeiture by reason of the commission of a criminal offense. A forfeiture results from the act of importation without following customs procedures; no criminal offense, much less a criminal conviction is required." *Id. See* Footnote 6 at 236, 93 S.Ct. footnote 6 at 492.

With respect to Section 545, however, the Supreme Court expressly refused to decide the question whether an acquittal under Section 545 barred a subsequent forfeiture under the same statute. *But see U.S. v. Two Hundred and One, Fifty Pound Bags of Furazolidone,* 52 F.R.D. 222 (1971) (acquittal under Section 545 is a bar to a forfeiture under the same statute.)

On June 25, 1948, Section 1593 was amended and included in the revision of Title 18 in its present form as Section 545. (*See* Note 1). In addition to making changes in the phraseology, Congress separated the forfeiture provision from the penalty clause. According to the Revision Notes under Section 545, such changes were drafted "to make it clear that forfeiture was *not dependent upon conviction.*" The apparent effect of these changes was to allow the owner of the property in question to assert his defenses against forfeiture, in a separate *in rem* proceeding.

In *United States v. Brigance*, 472 F.Supp. 1177 (S.D.Texas 1979), the court addressed the question of whether Rule 7(c)(2) of the Federal Rules of Criminal Procedure [3]—applicable only to criminal forfeitures—was applicable to the forfeiture provision of Section 545. In deciding that Section 545 did not require that notice of the forfeiture be given in an indictment, the court held:

> The problem of adequate notice does not exist when 18 U.S.C. 545 is involved, since it contains a forfeiture provision which is *in rem* in nature, not *in personam*, and which is *not* an automatic and direct consequence of conviction. Although the language of 545 does not expressly so state, the history behind it supports the conclusion that enforcement of that section's forfeiture clause requires separate *in rem* proceedings. Indeed, the legislative history of 545 gives clear indication that the forfeiture provision contained therein was deliberately phrased so as to avoid having forfeiture dependent upon conviction. See House

Report No. 304, 80th Cong. 1st Sess., A46 (1947). *Id.* at 1181.

If Section 545 requires a separate *in rem* proceeding against the property in question, then it stands to follow that neither a conviction of the offender nor an indictment is a necessary prerequisite. Indeed, the result would be different if the forfeiture clause of Section 545 was part of the punishment for the criminal offense as it was with Section 1593.

■ In its motion, claimant argues that while Congress intended to provide a separate *in rem* proceeding, it did not intend to eliminate the requirement of obtaining a prior conviction. Thus, claimant essentially contends that Section 545 requires a separate *in rem* proceeding to be held *after* the conviction of the offender. We decline to adopt this interpretation. The language of the Revision Notes is clear—*forfeiture is not dependent upon conviction.* If Congress had wanted to make a conviction a prerequisite to a Section 545 forfeiture, then it would have phrased the provision in a way similar to that of 21 U.S.C. § 848 or of 18 U.S.C. § 1963 [4] or would have left the wording of 19 U.S.C. § 1593 unrevised.

■ While a forfeiture proceeding could not be commenced until the conviction of the offender at Common Law, *See Various Items of Personal Property, et al v. United States*, 282 U.S. 577, 51 S.Ct. 282, 75 L.Ed. 588 (1931), we now recognize that where a statute contains a forfeiture clause which is *in rem* in nature and not *in personam*, and the clause does not expressly or impliedly provide for a prior conviction of the individual offender, such a conviction

**3.** Rule 7(c)(2) provides as follows: "No judgment of forfeiture may be entered in a criminal proceeding unless the indictment or the information shall allege the extent of the interest or property subject to forfeiture."

**4.** Title 21, § 848(a)(2) provides: "Any person *convicted* under paragraph (1) of engaging in a continuing criminal enterprise *shall forfeit* to the United States—(A) the profits obtained by him in such an enterprise, and (B) any of his interest in, claim against, or property or contractual rights of any kind affording a source of influence over, such enterprise."

Title 18, Section 1963(a) provides in part: "Whoever violates any provision of section 1962 of this chapter shall be fined not more than $25,000 or imprisoned not more than twenty years or both, *and shall forfeit* to the United States (1) any interest he has acquired or maintained in violation of section 1962 and ..." In addition, Section 1963(c) goes on to provide: "*Upon conviction* of a person under this section, the court shall authorize the Attorney General to seize all property or other interest declared forfeited under this section upon such terms and conditions as the court shall deem proper. ..."

is not a prerequisite of the forfeiture. A conviction in these cases is not necessary because the property, and not the person, is considered to be the offender. *See* 36 Am Jur 2d at 623; *Various Items, supra; Goldsmith-Grant Co. v. United States,* 254 U.S. 505, 41 S.Ct. 189, 65 L.Ed. 376 (1921); *The Palmyra,* 12 Wheat 1 (1827).

We are mindful that the question we decide today is one of first impression in our Circuit and has not been explicitly decided by any other circuit. Therefore, we will be willing to amend this order to certify this matter to the United States Court of Appeals for the First Circuit pursuant to 28 U.S.C. § 1292(b) if claimant so requests.

Wherefore, in view of the above, claimant's motion to dismiss is hereby denied.

SO ORDERED.