**UNITED STATES of America,
Petitioner,**

v.

**Honorable Manuel L. REAL, United
States District Judge, Respondent.**

**No. 26789.**

United States Court of Appeals,
Ninth Circuit.

July 14, 1971.

David R. Nissen (argued), Chief,
Crim. Div., Robert L. Meyer, U. S.
Atty., Los Angeles, Cal., for petitioner.

Gabriel A. Gutierrez (argued), Los
Angeles, Cal., for real party in interest.

Manuel L. Real, U. S. District Judge,
Los Angeles, Cal., for respondent.

Before BROWNING, CARTER, and
HUFSTEDLER, Circuit Judges.

PER CURIAM:

The Government seeks a writ of mandamus compelling the district court to set aside its order of November 16, 1970, dismissing the indictment against Eck, the real party in interest, and directing the district court to sentence Eck on his plea of guilty.

Eck was indicted for a violation of 18 U.S.C. § 659 (theft from an interstate shipment). With the United States Attorney's consent, Eck pleaded guilty to the lesser-included offense of stealing goods valued at less than $100. On November 10, 1969, the district court ordered the sentencing continued for one year for the purpose of Eck's demonstrating to the court that he could lead a law-abiding life. When Eck returned a year later, the court was satisfied with Eck's behavior, and it requested the United States Attorney to dismiss the indictment. The request was refused. The district court thereupon dismissed the indictment in the interest of justice, and this petition followed.

The district court's merciful inclinations appear entirely appropriate in view of the nature of the offense, of Eck's youth, his lack of any prior criminal record, and his good conduct during the rehabilitative year. However, we are unable to find any authority permitting judicial discretion to be substituted for prosecutorial discretion in dismissing the indictment. (*Cf.* United States v. Brokaw (S.D. Ill. 1945) 60 F.Supp. 100.)

Eck argues that the district court's action can be sustained as an informal grant of one year's probation. Had the court wished to impose a probationary

sentence, it could have done so under the provisions of the Federal Youth Corrections Act. (18 U.S.C. § 5005 et seq.) It did not follow that procedure, and we have been able to discover no statutory authorization for the course adopted by the district court.

The writ shall issue instructing respondent to set aside the dismissal of the indictment.