**UNITED STATES of America, Appellee,**

v.

**Arthur E. HALL, Appellant.**

**No. 74–3081.**

United States Court of Appeals, Ninth Circuit.

June 18, 1975.

Rehearing Denied Sept. 24, 1975.

---

James C. Gaither (argued), San Francisco, Cal., for appellant.

Robert H. Westinghouse (argued), Seattle, Wash., for appellee.

OPINION

Before ELY and HUFSTEDLER, Circuit Judges, and TAYLOR,* District Judge.

PER CURIAM:

Indicted for smuggling merchandise which should have been invoiced into the United States, in violation of 18 U.S.C. § 545, Hall waived his right to a trial by jury and proceeded to trial before the district judge. Hall was convicted and sentenced to imprisonment for one year. The district judge suspended the sentence of imprisonment, however, and placed Hall on probation for one year upon the condition that Hall would consent to civil forfeiture of the smuggled merchandise to the Government.

The indictment against Hall alleged that:

"On or about March 15, 1974, within the Western District of Washington, ARTHUR E. HALL, willfully and knowingly and with intent to defraud the United States of America, did smuggle and clandestinely introduce into the United States of America merchandise which should have been invoiced, that is two (2) ladies diamond rings of an approximate domestic value of $14,000.00.

"All in violation of Title 18 U.S.C. § 545."

In pertinent part, 18 U.S.C. § 545 provides that:

"Whoever knowingly and willfully, with intent to defraud the United States, smuggles, or clandestinely introduces into the United States any merchandise which should have been invoiced, . . .

\* \* \* \* \* \*

Shall be fined not more than $10,000 or imprisoned not more than five years, or both.

\* \* \* \* \* \*

Merchandise introduced into the United States in violation of this section, or the value thereof, . . . shall be forfeited to the United States."

Hall now appeals from the judgment of conviction in the criminal action. His principal contention is that his conviction must be reversed because the indictment against him failed to meet the requirements of Fed.R.Crim.P. 7(c)(2). Rule 7(c)(2) provides:

"When an offense charged may result in a criminal forfeiture, the indictment or the information shall allege the extent of the interest or property subject to forfeiture."

Prior to his trial, Hall moved, unsuccessfully, to quash the indictment because of its noncompliance with Rule 7(c)(2). The District Court apparently decided, however, that while the indictment was defective, the defect would not vitiate the indictment if the court ruled, in advance, that the Government would be prohibited from invoking the criminal forfeiture penalty of 18 U.S.C. § 545 in the event that Hall was convicted. Such a ruling was made, the motion to quash the indictment was denied, and Hall was convicted in the ensuing trial.

■ The Supreme Court added Rule 7(c)(2) to the Federal Rules of Criminal Procedure in 1972. 406 U.S. 979, 989, 92 S.Ct. 2881, 2894. The advisory committee's notes concerning the Rule reveal

* Honorable Fred M. Taylor, Senior United States District Judge, District of Idaho, sitting by designation.

that it was added, along with Rules 31(e) and 32(b)(2), primarily to provide procedures for implementing the newly-enacted criminal forfeiture penalties contained in 18 U.S.C. § 1963 (1970)[1] and 21 U.S.C. § 848(a)(2).[2] *See* 54 F.R.D. 143, 156–57. Nevertheless, Rule 7(c)(2) is written in specific terms for general application. We cannot conscientiously disregard the Rule's plain mandatory language; therefore, we hold that it must be applied to the criminal forfeiture penalty of 18 U.S.C. § 545. *See* Fed.R. Crim.P. 1 ("These rules govern the procedure . . . in all criminal proceedings . . . .").

■ As previously noted, the District Court, after ruling that the Government could not require Hall to forfeit the smuggled rings on the basis of his section 545 conviction, then allowed Hall to "consent" to civil forfeiture of the rings in exchange for the grant of probation.[3] Our consideration of the whole record leads us to the conclusion that the court's actions, taken together, deprived Hall of the mandatory notice to which he was entitled under Rule 7(c)(2) and the concomitant opportunity to defend against a forfeiture. In the light of the circumstances of this particular case, the District Court erred in refusing to grant Hall's timely motion to quash the indictment.

The judgment of conviction is vacated, and, upon remand, the indictment will be dismissed.

We need not reach Hall's other contentions.

Reversed and remanded, with directions.

1. 18 U.S.C. § 1963 (1970) provides for the forfeiture of any interest in any enterprise engaged in interstate commerce that is purchased with income derived from racketeering activities or the collection of unlawful debts.

2. 21 U.S.C. § 848(a)(2) (1970) provides for the forfeiture of any profits or interests acquired

through participation in a continuing criminal enterprise in violation of the federal narcotics laws.

3. During oral argument, the Government's attorney forthrightly conceded that, in such circumstances, Hall's "consent" cannot be characterized as "voluntary."