UNITED STATES of America, Appellant,

v.

Arthur E. HALL, Appellee.

No. 76–1080.

United States Court of Appeals, Ninth Circuit.

Aug. 26, 1977.

Rehearing and Rehearing En Banc Denied Nov. 7, 1977.

Robert H. Westinghouse, Asst. U. S. Atty., Seattle, Wash., argued, for appellant.

Evan L. Schwab, Seattle, Wash., James C. Gaither, San Francisco, Cal., argued, for appellee.

Before DUNIWAY and KILKENNY, Circuit Judges, and LUCAS, District Judge.*

KILKENNY, Circuit Judge:

The government appeals from an order dismissing an indictment charging appellee

* The Honorable Malcolm Lucas, United States District Judge for the Central District of California, sitting by designation.

**1162**

with a violation of 18 U.S.C. § 545 [smuggling into the United States merchandise which should have been invoiced].

## BACKGROUND

In 1974, the appellee was charged with having smuggled two diamond rings into the United States in violation of the above statute. Having waived a jury, he was tried by the court and found guilty. Subsequently, he was sentenced to one year's probation on condition that he "consent" to the entry of a civil decree of forfeiture of the rings pursuant to the provisions of 19 U.S.C. § 1497. He consented to the condition, the rings were forfeited to the government, and his probationary period expired on September 15, 1975.

Later, the appellee appealed to this court; he claimed that the indictment failed to state that the rings would be forfeited to the government, as required by Rule 7(c)(2), F.R.Crim.P., and that, consequently, the indictment was insufficient to charge him with a crime. We held that the indictment was fatally defective and in June, 1975, vacated the conviction and ordered a dismissal of the indictment. *United States v. Hall*, 521 F.2d 406 (CA9 1975). There was no appeal from the civil decree forfeiting the rings.

Upon remand to the district court, a second indictment was returned against appellee charging him with the identical offense mentioned in the first indictment. This time, however, the instrument included the language necessary to comply with the requirements of our decision on the first appeal. To this indictment, the appellee entered a plea of not guilty and immediately moved to dismiss upon several grounds,

including double jeopardy, abuse of prosecutorial discretion, inapplicability of 18 U.S.C. § 545, and indictment insufficiency. In December, 1975, the district court rejected the appellee's contentions, but dismissed the indictment on the ground that it would be "unconscionable" to retry the appellee.[1]

We find it necessary to reverse.

## THE DOUBLE JEOPARDY CLAIM

■ Although rejected by the district court, the appellee again urges his claim of double jeopardy.

In a long line of cases commencing with *Ball v. United States*, 163 U.S. 662, 672, 16 S.Ct. 1192, 41 L.Ed. 300 (1896), the Supreme Court has held that the constitutional guarantee against double jeopardy imposes no limitation whatever upon the power of the court *to retry* a defendant who has succeeded in getting his first conviction set aside. The Supreme Court has firmly adhered to this doctrine in the more recent cases of *North Carolina v. Pearce*, 395 U.S. 711, 719–726, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969); *United States v. Tateo*, 377 U.S. 463, 465, 84 S.Ct. 1587, 12 L.Ed.2d 448 (1964); *Forman v. United States*, 361 U.S. 416, 425, 80 S.Ct. 481, 4 L.Ed.2d 412 (1960); *Bryan v. United States*, 338 U.S. 552, 560, 70 S.Ct. 317, 94 L.Ed. 335 (1950), and *Stroud v. United States*, 251 U.S. 15, 18, 40 S.Ct. 50, 64 L.Ed. 103 (1919). We reject the appellee's contrary contention on the basis of these cases.

The appellee's principal argument on this issue is that if the case is retried, he would be subject to multiple punishment for the same offense. We are fully aware of the prohibition against multiple punishment and concede that in the absence of special

---

1. The relevant part of the district court order follows:

". . . But what I do find is that in the context of this particular case, *I think that it would be unconscionable* to proceed further against Mr. Hall. He has made his civil forfeiture, he has had the heavy expense of trial and then appeal and then preparation for this matter. He served his sentence, true, it was a probationary sentence, but nevertheless, he was under the control of the criminal justice system as a sentenced felon, and recognizing

that, as I do, and as I think I must and as I am entitled to, that the court could not impose a sentence in this case even were a conviction obtained.

"I just don't think that it is appropriate to proceed further just for the purpose of tagging this defendant as a felon. I think that the deterrence, if we are talking about deterrence of others and of this defendant, deterrence has been had by the process that has taken place so far. . . ." [Emphasis supplied].

circumstances, the trial court would be restricted to the sentence it imposed upon the previous conviction in which case the appellee will have no additional time to serve. This precise question, however, was faced in *Pearce* where the Court held that neither the double jeopardy clause nor the equal protection clause imposes an absolute bar to a more severe sentence upon reconviction. *Pearce*, 395 U.S. at 723, 89 S.Ct. 2072. The Court there held that a trial judge is not constitutionally precluded from imposing a new sentence, whether greater or less than the original sentence, in the light of events subsequent to the first trial that may have thrown new light upon the defendant's "life, health, habits, conduct, and mental and moral propensities." The Court noted that such information might come to the judge's attention from evidence adduced at the second trial itself, from a new presentence investigation, from the defendant's prison record, if any, or, possibly from other sources. *Pearce* at 723, 89 S.Ct. 2072. On a new trial, the district court [in passing sentence if appellant is found guilty] could even pass on his candor while a witness. *United States v. Lustig*, 555 F.2d 737 at 750–751 (CA9, June 15, 1977); *United States v. Cluchette*, 465 F.2d 749, 754 (CA9 1972). Beyond that, "[t]he freedom of a sentencing judge to consider the defendant's conduct subsequent to the first conviction in imposing a new sentence is no more than consonant with the principle . . . that a state may adopt the 'prevalent modern philosophy of penology that the punishment should fit the offender and not merely the crime.'" *Williams v. New York*, 337 U.S. 241, 247, 69 S.Ct. 1079, 1083, 93 L.Ed. 1337 (1949), quoted in *Pearce*, 395 U.S. at 723, 89 S.Ct. 2072, 2079. We agree with this reasoning and accordingly find no impediment to retrial of the appellee. His position is neither better nor worse than that of any other defendant faced with a retrial after successfully attacking his original conviction.

 Appellee's attempt to bring into play the doctrine taught in *Ex parte Lange*, 85 U.S. (18 Wall.) 163, 21 L.Ed. 872 (1874) is unavailing. There, the trial court imposed a fine and imprisonment where the statute prescribed only a fine *or* imprisonment. The Supreme Court correctly held that once the fine was paid, the government could not return in an attempt to modify the judgment to include imprisonment. This is inapposite here because the Supreme Court has held, contrary to the argument of the appellee, that the forfeiture procedures of 19 U.S.C. § 1497 are civil, *One Lot Emerald Cut Stones v. United States*, 409 U.S. 232, 93 S.Ct. 489, 34 L.Ed.2d 438 (1972), and the double jeopardy clause is not implicated in the absence of multiple *criminal* punishments. *Id.* at 235–6, 93 S.Ct. 489. We need not definitively decide this issue, however, because the appellee may be acquitted upon retrial. For the same reason, we decline to comment upon the present validity of the original forfeiture judgment.

In short, we hold that the appellee may be retried without offending the double jeopardy clause even though he has completed a probationary period. If a greater sentence is imposed upon retrial, the requirements of *Pearce, supra,* and its progeny shall be followed.

## PROPRIETY OF THE PROSECUTOR'S ACTION

The appellee argues that retrial would constitute an abuse of prosecutorial discretion and that, therefore, the district court's dismissal of the indictment was a proper exercise of its inherent power to do justice. We disagree on both grounds.

 In seeking the indictment after remand, the prosecutor was doing nothing more than exercising his discretion under 28 U.S.C. § 547 under which he has a duty to ". . . prosecute for all offenses against the United States; . . ." The power vested under this section gives the United States Attorney a broad discretion in determining which cases to file. *United States v. Nixon*, 418 U.S. 683, 693, 94 S.Ct. 3090, 41 L.Ed.2d 1039 (1974); *United States v. Alessio*, 528 F.2d 1079, 1081 (CA9 1976), *cert. denied* 426 U.S. 948, 96 S.Ct. 3167, 49 L.Ed.2d 1184 (1976); *United States v. Cox*,

342 F.2d 167 (CA5 1965), *cert. denied* 381 U.S. 935, 85 S.Ct. 1767, 14 L.Ed.2d 700 (1965). We acknowledge the fact that there are limits upon this discretion, but hold that none of them are here applicable.

■ In arguing that the district judge's action was a proper exercise of his inherent power to do justice, the appellee mistakenly relies upon *United States v. Apex Distributing Co.*, 270 F.2d 747 (CA9 1959); *United States v. Heath*, 260 F.2d 623 (CA9 1958), and other similar cases. None involved the dismissal of an indictment under circumstances which even resemble those here; both of the cited cases were properly dismissed for unnecessary delay in bringing the accused to trial. We find other Ninth Circuit authority to be controlling. In *United States v. Real*, 446 F.2d 40 (CA9 1971), where an indictment was dismissed by the district court "in the interest of justice," we said that:

> ". . . The district court's merciful inclinations appear entirely appropriate in view of the nature of the offense, of Eck's youth, his lack of any prior criminal record, and his good conduct during the rehabilitative year. *However, we are unable to find any authority permitting judicial discretion to be substituted for prosecutorial discretion in dismissing the indictment.*" [Emphasis supplied].

*See also United States v. Hudson*, 545 F.2d 724 (CA10 1976) [illness of the accused does not afford a legal basis justifying dismissal of an indictment by the court on its own motion]; *United States v. De Diego*, 167 U.S.App.D.C. 252, 511 F.2d 818, 824 (1975) ["A trial judge has no discretion to end prosecutions unless there are legal grounds for the exercise of discretion."]. Our most recent consideration of this separation of powers issue is *United States v. Chanen*, 549 F.2d 1306, 1313 (CA9 1977), which also supports our holding.[2] Additionally, we find nothing in the Federal Rules of Crimi-

nal Procedure which would authorize the district court to dismiss the indictment for the reason given. *Cf. United States v. Bryant*, 153 U.S.App.D.C. 72, 471 F.2d 1040 (1972), *cert. denied*, 409 U.S. 1112, 93 S.Ct. 923, 34 L.Ed.2d 693 (1973); *United States v. Weinstein*, 452 F.2d 704, 714 (CA2 1971), *cert. denied*, 406 U.S. 917, 92 S.Ct. 1766, 32 L.Ed.2d 116 (1972).

Related to the appellee's claim that the dismissal was necessary to insure fundamental fairness, and interwoven with the ever-present contention that he has *already served* his sentence, is his suggestion of prosecutorial vindictiveness. His reliance upon *North Carolina v. Pearce, supra*, is totally misplaced. The unsoundness of his argument is made manifest by the holding in *Pearce* that a more severe sentence may be imposed on retrial if the reasons are made to appear of record so that they may be reviewed on appeal. 395 U.S. at 726, 89 S.Ct. 2072. There is no indication here that the appellee was reindicted for the exercise or attempted exercise of some procedural right as in *Blackledge v. Perry*, 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974); *United States v. DeMarco*, 550 F.2d 1224 (CA9 1977); or *United States v. Ruesga-Martinez*, 534 F.2d 1367 (CA9 1976). Moreover, there is absolutely nothing in this record indicative of any vindictiveness, or, indeed, any appearance of vindictiveness. The finding of the district court that there was no prosecutorial abuse must be upheld.

## SUFFICIENCY OF THE INDICTMENT

■ There is no doubt but that the indictment conforms to the requirements stated in the previous appeal, *United States v. Hall, supra*. The appellee, however, argues that since the rings had previously been forfeited pursuant to a civil proceeding, the indictment was defective in again mentioning the forfeiture of the rings. At

---

2. "Nevertheless, given the constitutionally-based independence of each of the three actors —court, prosecutor and grand jury—we believe a court may not exercise its 'supervisory power' in a way which encroaches on the prerogatives of the other two unless there is a

clear basis in fact and law for doing so. *If the district courts were not required to meet such a standard, their 'supervisory power' could readily prove subversive of the doctrine of separation of powers.*" 549 F.2d at 1313. [Emphasis supplied]. [Footnote omitted].

the outset, the appellee is confronted with the possible invalidity [in light of our earlier reversal] of the forfeiture proceeding. Beyond that, there is nothing in the statutes which precludes the completion of a civil forfeiture proceeding prior to the institution of a criminal charge. This contention is without merit.

## APPLICABILITY OF 18 U.S.C. § 545

■ The appellee makes a tenuous argument that Congress intended to criminally sanction only those persons smuggling merchandise into the United States for resale or other commercial purposes. He suggests that the rings in question were for personal use and consequently not covered by the statute. There is nothing in the legislative history, or in any case, which supports this claim; we reject it on the basis of the expansive language of the statute itself. We hold that the statute and its amendments were written to proscribe *all* smuggling, be it for personal use or commercial use.

## OTHER CONTENTIONS

We have examined all of the other contentions of the appellee and find them to be without merit.

## CONCLUSION

We hold that on these facts the district court had no power to dismiss an indictment on the ground that ". . . it would be unconscionable to proceed further . . ."

The judgment of the district court is vacated and the indictment is reinstated.

IT IS SO ORDERED.