**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Matthew BOLAR, Defendant-Appellant.**

**No. 77–3397.**

United States Court of Appeals,
Ninth Circuit.

Feb. 17, 1978.

Irwin H. Schwartz, Seattle, Wash., for defendant-appellant.

Peter Mair, Asst. U. S. Atty., Seattle, Wash., for plaintiff-appellee.

Before WRIGHT, CHOY and TANG, Circuit Judges.

PER CURIAM:

Bolar was convicted after jury trial of possession of counterfeiting materials and conspiracy. He was sentenced to concurrent four year terms and appeals on the basis that count two of the indictment was totally defective for omission of an essential element.

There are no factual disputes.

Bolar's contention is that his conviction on the possession charge must be reversed because the indictment failed to state that the photographic negatives of the Federal Reserve Notes were subject to forfeiture and that this is a violation of Rule 7(c), Fed.R.Crim.P. as interpreted in *U. S. v. Hall,* 521 F.2d 406 (9th Cir. 1975). Bolar also claims that the concurrent sentence doctrine does not apply in this case.

The opinion in *Hall* is distinguishable. In *Hall,* two diamond rings worth $14,000 were brought into the country and not declared to the Customs officials. Hall was prosecuted under 18 U.S.C. Sec. 545 for smuggling. That section provides that the smuggled materials shall be forfeited to the United States; the indictment failed to so state. Before trial, Hall moved to dismiss the indictment on grounds of noncompliance with Rule 7(c); the trial court held that the lack did not void the indictment but that the government was precluded from bringing a criminal forfeiture. However, when Hall was sentenced, the court granted him probation on condition that he "consent" to a *civil* forfeiture of the rings. On appeal, this Court found the totality of circumstances had deprived Hall of the opportunity to contest the forfeiture and reversed the conviction.

In the present case, Bolar still has an opportunity to seek return of the negatives under 18 U.S.C. Sec. 492 which deals with counterfeiting. He has not been deprived of his property without some recourse. Further, while diamond rings are not *per se* contraband, negatives of Federal Reserve Notes are. There is no legal purpose to which those negatives could be put.

The court below did not err in denying the motion to dismiss count two charging possession of counterfeit materials.

In view of our ruling on the forfeiture question, it is unnecessary to discuss the concurrent sentence issue.

AFFIRMED.