**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Michael W. JOHNSON,
Defendant-Appellant.**

No. 84–1172.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 14, 1985.

Decided May 17, 1985.

Ivan S. Abrams, Asst. U.S. Atty., Fresno, Cal., for plaintiff-appellee.

John Francis Bowman, Sr., Citrus Heights, Cal., for defendant-appellant.

Before DUNIWAY, FARRIS, and BEEZER, Circuit Judges.

DUNIWAY, Circuit Judge:

Johnson appeals from the denial of his motion to withdraw his plea of guilty. The offense charged was distribution of cocaine, a violation of 21 U.S.C. § 841(a)(1). It occurred in Yosemite National Park. We must decide whether the court abused its discretion. *United States v. Castello,* 9 Cir., 1984, 724 F.2d 813, 814.

Johnson's principal argument is that he should have been told that it was the judge's policy not to grant probation to anyone guilty of a drug offense in Yosemite National Park. When Johnson entered his plea, he was carefully questioned by the judge. He was told the maximum penalty that could be imposed, 15 years and a fine of $25,000, plus a special parole term of three years to life. He also answered "Yes sir" to the following questions. "Do you understand that the court and the court alone will determine what sentence you will receive? And you understand that if I accept your plea, should you be disappointed in the sentence that the court imposes on you, you will not be allowed to withdraw your plea of guilty?" He also said that he had not been promised anything except the dismissal of another charge and the release of some property found in his car. There was no mention of probation by the court, the prosecutor, Johnson, or Johnson's attorney.

In a declaration in support of his motion, Johnson alleges that his attorney told him that, if he pled guilty, he would receive probation. However, at the hearing, it was shown that he was told by his attorney "that were he to plead guilty he may get probation on the record, but there was no guarantee that he would get probation." There is no evidence that the prosecutor said anything to Johnson about probation. The court, at the hearing on the motion to withdraw the plea, said "... I think that ... by the time that Mr. Johnson pleaded ... it was perfectly clear ... that this court was not going to grant probation in any of these Yosemite cases, and I think I made that quite clear." Nevertheless, the court denied the motion.

Johnson relies on our decision in *Munich v. United States,* 9 Cir., 1964, 337 F.2d 356. That case, however, is not in point. There, the statute applicable expressly provided that the sentence could not be suspended, probation could not be granted, and parole was not available. The defendant was not informed of these provisions when he pled guilty. We therefore reversed the conviction.

Here the case is significantly different. The judge could vary his policy in a particular case if he were persuaded that he should. Thus there was a possibility that Johnson would get probation. In Munich's case, there was no such possibility. The judge did not abuse his discretion here.

We find no merit in Johnson's other arguments.

Affirmed.