**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Idi Amin SEIFUDDIN,
Defendant-Appellant.**

**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Harvey W. MERRIWEATHER,
Defendant-Appellant.**

**Nos. 86–3090, 86–3166.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 7, 1987.

Decided June 24, 1987.

Stephen R. Sady, Portland, Or., for defendants-appellants.

Frank Noonan, Portland, Or., for plaintiff-appellee.

Before ANDERSON, TANG and NOONAN, Circuit Judges.

J. BLAINE ANDERSON, Circuit Judge:

We decide two unrelated cases which were consolidated on appeal because they involve identical issues on nearly identical facts. Forfeiture of the defendants' property was granted by the district court and they appealed. We reverse.

## FACTS AND PROCEEDINGS BELOW

### 1. Idi Amin Seifuddin

Defendant Seifuddin was indicted for federal bank robbery and conspiracy to commit an offense against the United States. He was found guilty at a jury trial of all counts, and sentenced to 20 years incarceration. Neither the indictment, judgment, nor sentence indicated that his property was also to be forfeited. Almost four years after Seifuddin was sentenced, the government made a motion for "Disposition of Firearms and Ammunition" under 18 U.S.C. app. I § 3611 for firearms and ammunition owned by Seifuddin and seized in connection with his offenses. Apparently, this property was being held by the district court. After a hearing, the district court granted the government's motion.

### 2. Harvey W. Merriweather

Defendant Merriweather was indicted for federal bank robbery, two counts of armed

robbery, and four counts of felony-firearm possession. He was found guilty by a jury of all counts except bank robbery. He was then sentenced to a number of years of incarceration and probation. Neither the indictment, judgment, nor sentence made any indication or mention of criminal forfeiture of property.

Eighteen months after Merriweather was sentenced, the government made a motion for "Confiscation and Destruction" of certain firearms and ammunition which were owned and used by Merriweather in the perpetration of his offenses. The arms and ammunitions were seized at the time of his arrest. The property was in the custody of the FBI at the time the motion was filed. After a hearing, the district court granted the government's motion over Merriweather's objection.

### ISSUES

The question we must answer with respect to both Seifuddin and Merriweather is the same: Was the forfeiture of their property proper? To answer this question, we must first determine whether the forfeitures were civil or criminal. If civil, was there due process? If criminal, were the rules of criminal procedure and the criminal forfeiture statutes followed?

### HISTORY OF FORFEITURE

The law of forfeiture dates back to the Old Testament. According to *Exodus* 21:28 (King James), "If an ox gore a man or a woman, and they die: then the ox shall be surely stoned, and his flesh shall not be eaten." A suggested basis for the text is that if the ox offended the heirarchical order, appeasement of God, the sovereign, required reparation which could only be attained by the ox forfeiting its life. *See* Finkelstein, *The Goring Ox: Some Historical Perspectives on Deodands, Forfeitures, Wrongful Death and the Western Notion of Sovereignty,* 46 TEMP.L.Q. 169, 180 (1973). The forfeiture doctrine continued into the common law of England where the Crown became the sovereign to be appeased. Thus, if an object such as a cart, tree, or well took the life of a King's sub-

ject, the object became the Crown's in order to redress the loss of human life and provide revenue. *See Calero-Toledo v. Pearson Yacht Leasing Co.,* 416 U.S. 663, 681, 94 S.Ct. 2080, 2090, 40 L.Ed.2d 452 (1974) (citing O. Holmes, The Common Law, c 1 (1881).

Forfeiture survived the journey into American law, although not without criticism. *Cf. Calero-Toledo,* 416 U.S. at 689, n. 27, 94 S.Ct. at 2095, n. 27; *United States v. U.S. Coin and Currency,* 401 U.S. 715, 719–20, 91 S.Ct. 1041, 1043–44, 28 L.Ed.2d 434 (1971); *United States v. One 1976 Mercedes Benz 280S,* 618 F.2d 453, 461 (7th Cir.1980) (forfeiture in present law constitutes vestiges of "old, forgotten, far-off things and battles long ago"). Nevertheless, however anachronistic we may find the law of forfeiture, we need not spend time debating its present worth. Instead, we must decide whether the forfeitures at issue here are criminal or civil according to forfeiture law as it currently exists. The Supreme Court, however, has never developed a principled explanation of the distinction between civil and criminal forfeiture. While the Court has made formalistic distinctions between civil and criminal forfeiture, this distinction has become difficult through application of certain constitutional safeguards to some forfeiture actions but not others.

### THE CLASSICAL DISTINCTION

The classical distinction between civil and criminal forfeiture was founded upon whether the penalty assessed was against the person or against the thing. Forfeiture against the person operated *in personam* and required a conviction before the property could be wrested from the defendant. *See Calero-Toledo,* 416 U.S. at 682, 94 S.Ct. at 2091; *One 1958 Plymouth Sedan v. Pennsylvania,* 380 U.S. 693, 700, 85 S.Ct. 1246, 1250, 14 L.Ed.2d 170 (1965). Such forfeitures were regarded as criminal in nature because they were penal; they primarily sought to punish. Forfeiture against the thing was *in rem* and the forfeiture was based upon the unlawful use of the *res,* irrespective of its owner's culpabili-

ty. These forfeitures were regarded as civil; their purpose was remedial. *Calero-Toledo,* 416 U.S. at 680–81, 94 S.Ct. at 2090; *U.S. Coin & Currency,* 401 U.S. at 719, 91 S.Ct. at 1043.

Applying this distinction to the firearm forfeitures in question here leads to the conclusion that the forfeitures are criminal in nature: The defendants would forfeit their property because they are convicted of the substantive offenses. If the forfeitures are criminal, the criminal forfeiture statutes and the rules of criminal procedure should have been followed.

## THE CONSTITUTIONAL DISTINCTION

However, despite the classical distinction, the Supreme Court has deemed forfeiture statutes as criminal under the Constitution only for purposes of the fourth amendment search and seizure clause, *see One 1958 Plymouth Sedan,* 380 U.S. at 701, 85 S.Ct. at 1251, and the fifth amendment self-incrimination clause. *See Boyd v. United States,* 116 U.S. 616, 6 S.Ct. 524, 29 L.Ed. 746 (1886). The Court has otherwise found that forfeiture statutes are civil for purposes of the double jeopardy clause, *see One Lot Emerald Cut Stones v. United States,* 409 U.S. 232, 93 S.Ct. 489, 34 L.Ed.2d 438 (1972) (per curiam); *Helvering. v. Mitchell,* 303 U.S. 391, 398, 58 S.Ct. 630, 632, 82 L.Ed. 917 (1938), and the broader range of constitutional protections applied to criminal trials. *See Calero-Toledo,* 416 U.S. at 681, 94 S.Ct. at 2090. We believe this selective application of constitutional safeguards to some forfeiture statutes but not others is based upon the theory that certain constitutional safeguards are broader than others rather than upon the classical distinction made between civil and criminal forfeitures. *See Helvering v. Mitchell,* 303 U.S. at 400, n. 3, 58 S.Ct. at 633, n. 3 (self-incrimination clause is broader in scope than the sixth amendment criminal trial guarantees). *But see United States ex rel. Marcus v. Hess,* 317 U.S. 537, 63 S.Ct. 379, 87 L.Ed. 443 (1943) (indicating all laws which punish are criminal for all constitutional purposes).

Previous decisions by this court have similarly not clearly distinguished civil and criminal forfeitures. *See, e.g., United States v. $31,697.59 Cash,* 665 F.2d 903, 905 (9th Cir.1982). In *United States v. Hall,* 521 F.2d 406 (9th Cir.1975) (per curiam), we found that forfeiture under 18 U.S.C. § 545 for smuggling merchandise into the country without an invoice was criminal and required compliance with Fed. R.Crim.P. 7(c)(2). *Id.* at 408. Since the indictment failed to allege the forfeiture, Hall did not have notice to defend against the forfeiture and his judgment of conviction was vacated. *Id.*

One year later in *United States v. One 1970 Pontiac GTO, 2–Door Hardtop,* 529 F.2d 65 (9th Cir.1976), we found that a judgment of forfeiture under 21 U.S.C. § 881 for the transportation of contraband did not deny due process because it placed the burden of proof on the claimant. *Id.* at 66. No civil and criminal distinction was articulated. We simply concluded that the forfeiture statutes were "not criminal enough" to prevent the claimant from carrying the burden of proof. *Id.*

Subsequently, in *United States v. Oberlin,* 718 F.2d 894 (9th Cir.1983), we decided that a forfeiture under 21 U.S.C. § 848 was "essentially" penal. *Id.* at 896. However, neither *Hall* nor *One 1970 Pontiac GTO* was relied upon in finding the forfeiture was criminal. Instead of looking to the nature of the forfeiture statute, i.e., whether it was penal or remedial, the forfeiture was deemed criminal because it was pleaded in the indictment, tried as a criminal proceeding, and included in the judgment of conviction. *Id.*

*Oberlin's* basis for determining that the forfeiture was criminal is inconsistent with the recent Supreme Court decision in *United States v. $8,850.00,* 461 U.S. 555, 103 S.Ct. 2005, 76 L.Ed.2d 143 (1982). In *$8,850.00,* the Court treated a forfeiture under section 231 of the Bank Secrecy Act, 31 U.S.C. § 1102, as civil even though the forfeiture was alleged in the criminal indictment and included in the judgment of conviction. *Id.* at 568, 103 S.Ct. at 2014. The civil and criminal distinction in itself

was not explicitly discussed in *$8,850.00*. We believe the reason is this: The Court saw the forfeiture statute in the Bank Secrecy Act as remedial and therefore treated the forfeiture as civil. *Id.* at 569, 103 S.Ct. at 2014.

■ Therefore, we take this approach: If the statute under which the forfeiture alleged is penal, it will be treated as a criminal forfeiture. *Cf. Calero-Toledo,* 416 U.S. at 689, 94 S.Ct. at 2094; *One 1958 Plymouth Sedan,* 380 U.S. at 701, 85 S.Ct. at 1251; *United States v. One 1977 Mercedes Benz,* 708 F.2d 444, 448 (9th Cir. 1983); *$31,697.50 cash,* 665 F.2d at 905 n. 2.

■ Applying this approach to the present case, we find the forfeitures in question are criminal forfeitures. Even though Merriweather's may not have been identified as such, both Merriweather's and Seifuddin's forfeitures were made under 18 U.S.C. app. I § 3611.[1] This statute is clearly penal. It is a sentencing statute and provides as a punishment for the felony committed the forfeiture of the firearms used to perpetrate the felony.

Under Fed.R.Crim.P. 7(c)(2), a criminal judgment of forfeiture can be entered only if the indictment alleges the forfeiture.[2]

*See also Hall,* 521 F.2d at 408. Even if forfeiture is alleged in the indictment, a judgment of criminal forfeiture also requires a special verdict and a judgment authorizing seizure of the property subject to forfeiture. Fed.R.Crim.P. 31(e);[3] 32(b)(2).[4]

■ None of these requirements were complied with here. In neither case did the indictment, judgment or sentence, mention or include any property as being subject to forfeiture. Since the proper criminal statutes and rules were not followed, the district court erred in allowing the forfeitures.

## STANDING

■ The government does not seriously contest the defendants' argument that the forfeiture proceedings failed to comply with the required criminal statutes. Instead, the government argues that the defendants lack standing to challenge the confiscation order.

Under 18 U.S.C. § 922(g)(1) (West Supp. 1987),[5] any person convicted of a felony and who possesses a firearm is subject to a fine of up to $10,000 or two years imprisonment or both. Essentially, the government argues that since Seifuddin and Merriweather are convicted felons, it would be

---

1. 18 U.S.C. app. I § 3611 provides:

A judgment of conviction for transporting a stolen motor vehicle in interstate or foreign commerce or for committing or attempting to commit a felony in violation of any law of the United States involving the use of threats, force, or violence or perpetrated in whole or in part by the use of firearms, may, in addition to the penalty provided by law for such offense, order the confiscation and disposal of firearms and ammunition found in the possession or under the immediate control of the defendant at the time of his arrest.

The court may direct the delivery of such firearms or ammunition to the law-enforcement agency which apprehended such person, for its use or for any other disposition in its discretion.

2. Fed.R.Crim.P. 7(c)(2) provides:

No judgment of forfeiture may be entered in a criminal proceeding unless the indictment or the information shall allege the extent of the interest or property subject to forfeiture.

3. Fed.R.Crim.P. 31(e) provides:

If the indictment or the information alleges that an interest or property is subject to criminal forfeiture, a special verdict shall be returned

as to the extent of the interest of property subject to forfeiture, if any.

4. Fed.R.Crim.P. 32(b)(2) provides:

When a verdict contains a finding of property subject to a criminal forfeiture, the judgment of criminal forfeiture shall authorize the Attorney General to seize the interest or property subject to forfeiture, fixing such terms and conditions as the court shall deem proper.

5. 18 U.S.C. § 922(g)(1) (West Supp.1987), provides:

It shall be unlawful for any person—
who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year;

   *    *    *    *    *    *

to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

unlawful under section 1202(a) for them to possess firearms and therefore they lack standing to contest the forfeiture of their firearms. *United States v. Jeffers*, 342 U.S. 48, 54, 72 S.Ct. 93, 96, 96 L.Ed. 59 (1951), is cited to support this position.

*Jeffers* does not dispose of the standing issue. *Jeffers* involved an unlawful search and seizure of narcotics which were introduced at the defendant's trial. The Court found the illegally seized evidence should not have been admitted because of the exclusionary rule. *Id.* at 52, 72 S.Ct. at 95. The Court did not make a specific holding with respect to standing but simply noted in dicta that because property rights could not exist in the contraband, thereby prohibiting the defendant from seeking the return of the contraband, did not mean the defendant lacked standing to have it excluded at trial.

Moreover, the government's argument misses the mark for one very important reason. The firearms in this case were not shown to be contraband *per se*. The illegal act is possession of the firearms *by the defendants*. The defendants therefore could hold a property interest in the forfeited property without that interest being possessory. *See United States v. $122,043.00 in U.S. Currency*, 792 F.2d 1470, 1473 (9th Cir.1986) ("In order to have standing to challenge a forfeiture action, a claimant must claim 'to own the article or merchandise or to have an interest therein'").

■ Finally, this case is not one where title to the property vested in the United States at the moment of the illegal act. *See Ivers v. United States*, 581 F.2d 1362, 1367 (9th Cir.1978); *Simons v. United States*, 541 F.2d 1351 (9th Cir.1976). The forfeiture statute here is, in effect, a sentencing statute and can be applied only after a judgment of conviction, not at the moment of the illegal act. *See* 18 U.S.C. app. I § 3611. Also, a sentence imposed under § 3611 does not require a forfeiture to be included. *Id.* Since the forfeiture was permissive and not mandatory, the United States did not obtain title to the property at the moment of the illegal act.

## CONCLUSION

We find the forfeitures at issue with respect to both Merriweather and Seifuddin were criminal in nature. As the forfeitures were criminal, the federal criminal rules of procedure and the criminal statute of forfeiture should have been complied with. Since the defendants have a sufficient interest in their property to contest the forfeitures, the district court erred in granting the motions made to obtain the forfeitures. We note, however, that we are not mandating a return of the property. Rather, we reverse the motions granted by the district court and remand for further proceedings at the behest of either the defendants or the government so long as they are consistent with this opinion.

REVERSED.