**UNITED STATES of America, Plaintiff,**

v.

**Richard Edward RUPLEY, Sr., aka "Dick", Dwain Allen Baker, aka "Butch", Edward Lee Baker, aka "Eddie", John Lawrence Bonnenfant, aka "Pidge", "Bird", Dominic Alan Cavallaro, aka "Dom", Robert Duane Rowen, aka "Bobby", Daniel Eugene Rupley, aka "Danny", Katherine Jill Rupley, Richard Edward Rupley, Jr., aka "Richie", Byron Melachia Wimberly, Robert Lee Cole, Jr., Dennis Mervyn Ingrim, Defendants.**

**No. CR–R–86–49–ECR.**

United States District Court,
D. Nevada.

Feb. 28, 1989.

L. Anthony White, Asst. U.S. Atty., Reno, Nev., for U.S.

Fred D. Gibson, III, Reno, Nev., for R. Rupley, Sr.

Laurence W. McNabney, Reno, Nev., and Fred Atcheson, Crystal Bay, Nev., for D. Baker.

N. Patrick Flanagan, III, Asst. Federal Public Defender, Reno, Nev., for E. Baker.

John W. Aebi, Carson City, Nev., for Bonnenfant.

David I. Nielsen, Carson City, Nev., for Cavallaro.

Loren Graham, Zephyr Cove, Nev., for Rowen.

Stephen R. Wassner, Zephyr Cove, Nev., for K. Rupley.

John E. Oakes, Reno, Nev., for D. Rupley.

Lawrence Wishart, Reno, Nev., for R. Rupley, Jr.

Kenneth Craig, Zephyr Cove, Nev., for Cole.

Robert Bruce Lindsay, Reno, Nev., for Ingrim.

Arnold Brock, Jr., Reno, Nev., for Wimberly.

## ORDER

EDWARD C. REED, Jr., Chief Judge.

The Government seeks to submit proposed jury instructions regarding criminal forfeiture of certain personal property not specifically listed in the indictment. Defendant Edward Lee Baker, through his attorney, has filed an objection to the Government's proposed forfeiture of items not specified in the indictment.

Under the provisions of 21 U.S.C. § 853(b), the prosecution shall seek forfeiture of certain property and proceeds obtained from or used in a controlled substance violation. In the present case, the superseding indictment contains approximately twenty-five (25) pages of specifically described property, which the Government intends to forfeit. In addition, the indictment states that the property subject to forfeiture "includ[es] but [is] not limited to" the specifically designated property. The Government now seeks to forfeit specific items of property not so designated in the indictment. The Government contends that the "including but not limited to" language gives defendant sufficient notice that forfeiture would be sought; further, the Government relies on *United States v. Grammatikos*, 633 F.2d 1013, 1024–25 (2nd Cir.1980), for the proposition that "Rule 7(c)(2) requires only that the *extent* of the interest or property subject to forfeiture be alleged, and an itemization of the items sought in forfeiture is not required." Government's Response to Defendant E. Baker's Objection to Forfeiture, page 8, lines 14–19.

■ Fed.R.Crim.P. 7(c)(2) states: "No judgment of forfeiture may be entered in a criminal proceeding unless the indictment or the information shall allege the extent of the interest or property subject to forfeiture." Cases applying this rule have noted that the primary purpose of the rule is to provide defendants with notice that forfeiture will be sought. *United States v. Hall*, 521 F.2d 406, 408 (9th Cir.1975); *Grammatikos*, 633 F.2d at 1024. The issue here is whether items to be forfeited must be specifically listed in the indictment. Based upon our reading of *Grammatikos*, we hold that they do not.

In *Grammatikos*, defendant was charged with engaging in two conspiracies, each involving the importation and distribution of controlled substances, and with perpetrating those offenses by involvement in a continuing criminal enterprise contrary to 21 U.S.C. § 848. Pursuant to penalties authorized by section 853(b), the jury returned a special verdict wherein two pieces of defendant's property were to be forfeited. Defendant appealed, on grounds that the superseding indictment did not sufficiently specify the property susceptible to forfeiture. Indeed, the superseding indictment did not designate any particular property or profits subject to forfeiture; rather, it merely stated "that the government would seek forfeiture of all profits and property susceptible to that penalty." *Id.* at 1024.

Although the defendant was supplied with a bill of particulars specifying certain items, the court did not rely on that fact in holding that the indictment satisfied the notice requirement of Rule 7(c)(2). Because Rule 7(c)(2) requires only that the *extent* of the interest or property subject to forfeiture be alleged, the indictment was sufficient since it announced that the government would seek *all* of defendant's interest or property in the illicit drug enterprise.

Defendant's insistence that property subject to forfeiture be itemized in the indictment rested on his proposed construction of Rule 7(c)(2): ". . . the indictment or the information shall allege the . . . property subject to forfeiture." *Id.* Based upon the plain language of the rule, and the Congressional purpose to provide notice of intended forfeiture, the court dismissed the defendant's construction as "grammatically implausible" and subversive to the literal terms of the rule. *Id.*

■ Defendant Baker argues for a similar construction of Rule 7(c)(2). He argues that he received no notice whatsoever of the Government's proposed broad forfeiture. However, a careful reading of the indictment would have apprised him that all property and profits, in addition to those specifically listed, were potentially forfeitable. The superseding indictment states that forfeiture would be sought with respect to "all profits, all property used or intended to be used to facilitate a controlled substance violation, and all right, title and interest in, claims against, and property or contractual rights affording a source of influence over such enterprise, including but not limited to" certain specified items. Superceding Indictment pages 18–19. Defendant Baker was put on sufficient notice to meet the *Grammatikos* standard.

■ Although we recognize the potential difficulties associated with such a broad notice standard, we do not believe defendant is significantly disadvantaged. Where, as here, the indictment charges defendant with participation in a continuing criminal enterprise that allegedly operated for many years, and further makes defendant aware that *all* profits and *all* property arising from the criminal enterprise are potentially forfeitable, defendant had sufficient notice from which to formulate a defense, whether or not certain property was specified in the indictment. The Government should not be foreclosed from seeking forfeiture of all property subject to the penalty, simply because it listed some items with particularity.

■ In further contention with the proposed forfeiture of items not listed in the indictment, defendant Baker argues that such forfeiture will deny him the ability to pay his counsel of choice. However, the cases cited for this proposition offer little support. For example, *United States v. Unit No. 7 and Unit No. 8*, 853 F.2d 1445 (8th Cir.1988), holds, under narrow circumstances, that the prosecution may not constitutionally deprive a defendant of assets needed to pay attorney fees, based on mere allegations that the property is forfeitable and a finding of probable cause, without affording defendant an opportunity to be heard. *Id.* at 1449. This holding is of little significance here, for several reasons. First, defendant is being represented by the Federal Public Defender; there has been no allegation that defendant's representation has been deficient, nor has he requested representation by any other counsel. Therefore, forfeiture has not deprived defendant of any opportunity to conduct a criminal defense. Second, in the case at bar, the property in question having already been properly seized by the United States Government, *see United States v. $8,850*, 461 U.S. 555, 562 n. 12, 103 S.Ct. 2005, 2011 n. 12, 76 L.Ed.2d 143 (1983), the question is whether it may be *forfeited* without specific designation in the indictment. *Unit No. 7* does not deal with this issue. It deals only with a defendant's limited right to counsel of choice, and the affect of pretrial seizure of assets on that qualified right. *See United States v. Moya–Gomez*, 860 F.2d 706, 725 (7th Cir. 1988).

Because defendant has failed to cite any authority for his proposition that forfeited items must be specifically listed in the indictment, and because our research concurs with the Government's analysis of *Grammatikos*.

IT IS, THEREFORE, HEREBY ORDERED that the Government's motion to submit additional jury instructions related to forfeiture of items not specified in the indictment is GRANTED.

IT IS FURTHER ORDERED that this Court shall reserve decision on whether the proposed instructions will be given in their present form. The current issue has been decided and may not be reopened; however, any other objections to the proposed jury instructions may be raised at the appropriate time.