15 F.3d 1091
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Patrick John FRIEL, aka Pat, Defendant-Appellant.
 No. 93-10132.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 2, 1993.*
Decided Dec. 22, 1993.
 
 1
 Before: KOZINSKI and O'SCANNLAIN, Circuit Judges, and KELLEHER,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Appellant Patrick Friel appeals his conviction and sentence for operating a continuing criminal enterprise under 21 U.S.C. Sec. 848.
 
 
 4
 A. For a litany of reasons, Friel argues he was denied effective assistance of counsel. To establish such a claim, he must show his counsel's performance was deficient and this prejudiced his defense. Strickland v. Washington, 466 U.S. 668 (1984). We "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. Our review is de novo. United States v. Rachels, 820 F.2d 325, 328 (9th Cir.1987).
 
 
 5
 Although Friel describes a record "replete with examples of gross and inexcusable omissions" by his counsel, Appellant's Brief at 12, we find otherwise. None of the cited examples indicate Mr. Mills' representation fell below an objective standard of reasonableness, as required by Strickland. In particular, Friel points to his attorney's failure to object to an arrangement whereby Friel--a quadriplegic--was to be tried from his home via a cable television link-up with the court. This, Friel claims, illustrates his attorney's incompetence; in addition, he claims it denied him his Sixth Amendment right to confront witnesses against him and compelled him to plead guilty.
 
 
 6
 We disagree. For one, the record indicates his attorney vigorously and capably represented his interests to the district court. In addition, this arrangement didn't violate Friel's right to confrontation: A court may deny a defendant a face-to-face meeting with witnesses against him where it is necessary to further an important public policy and where the reliability of testimony is not undermined. Maryland v. Craig, 110 S.Ct. 3157, 3166 (1990); see also United States v. Garcia, No. 92-10285, Slip op. 11853 (9th Cir. Oct. 20, 1993). Here, as required by Craig, there was a "case specific finding of necessity": The district judge conducted a lengthy evidentiary hearing on Friel's ability to stand trial and carefully worked out a plan to accommodate Friel's situation. We are satisfied this was necessary to further an important public policy--bringing to trial an alleged major drug conspirator--and sufficiently provided for reliable testimony. Thus, we find no confrontation problems. Nor do any of Friel's other claims show either that his counsel was incompetent, or that his plea was not knowing and voluntary.
 
 
 7
 As to his attorney's "failure or refusal" to file a motion to allow Friel to withdraw his guilty plea, we find that--regardless of whether the attorney should have filed this motion--the district court considered the issue in a motion filed by Friel. "Strickland requires a showing that the outcome would have been different if other counsel had been employed; the focus is on whether the overall result was just." United States v. Appoloney, 761 F.2d 520, 525 (9th Cir.1985). Friel fails to make such a showing.
 
 
 8
 B. Next, Friel contends the district court improperly denied his motion to withdraw his guilty plea. We review for abuse of discretion. United States v. Johnson, 760 F.2d 1025, 1026 (9th Cir.1985).
 
 
 9
 A defendant has no right to withdraw a plea, United States v. Read, 778 F.2d 1437, 1440 (9th Cir.1985), and bears the burden of showing a "fair and just" reason for withdrawal, id. Friel argues the court did not adequately consider his pro per motion to withdraw, which explained to the court that his attorney had failed to file the motion himself, and had both inadequately explained and misrepresented the terms of Friel's plea agreement. However, the record not only indicates the district court considered this motion, but also amply supports the court's decision to deny it. See United States v. Twine, 853 F.2d 676, 681 (9th Cir.1988) (although district court did not make specific findings, its result will be upheld if reasonably supported in record). We find no abuse of discretion.
 
 
 10
 C. Finally, Friel claims the district court abused its discretion by denying his motion to dismiss the indictment and thereby "violated [his] constitutional rights." Appellant's Brief at 26. By pleading guilty, however, a defendant waives such constitutional claims unless the court lacked jurisdiction and "the judge could determine at the time of accepting the plea, from the face of the indictment or from the record, that the government lacked the power to bring the indictment." United States v. Montilla, 870 F.2d 549, 552 (9th Cir.1989), amended, substituted op., in part, 907 F.2d 115 (9th Cir.1990). Such is not the case here. Friel argued that he was physically unable to stand trial, not that the government lacked the power to bring him into court. Accordingly, he waived this claim. See also United States v. Hall, 559 F.2d 1160 (9th Cir.1977).
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 The Honorable Robert J. Kelleher, United States District Judge for the Central District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to by the courts of this circuit except as provided by 9th Cir.R. 36-3