**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 11 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> JOSE ALFARO, AKA Shyboy; et al., <br><br> Defendants - Appellees, <br><br> and <br><br> EDWIN ARIAS, AKA Enano; et al., <br><br> Defendants, <br><br> v. <br><br> THE ASSOCIATED PRESS, <br><br> Movant. | No. 10-50276 <br><br> D.C. No. 2:09-cr-00466-R-1 <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Argued and Submitted December 5, 2011
Pasadena, California

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Before: B. FLETCHER, SILVERMAN, and WARDLAW, Circuit Judges.

The government appeals the district court's order conditionally striking portions of the indictment related to an alleged conspiracy by members and associates of the Mara Salvatrucha ("MS-13") gang to murder Los Angeles Police Department Detective Frank Flores. We reverse.

1. We have jurisdiction pursuant to 18 U.S.C. § 3731 over the government's interlocutory appeal of the district court's pretrial order striking portions of the indictment. Although the district court's order is conditional, we have previously found that § 3731 provides jurisdiction over conditional orders, such as those suppressing evidence. *See, e.g.*, *United States v. Hoffman*, 794 F.2d 1429, 1431 n.2 (9th Cir. 1986). Because the jurisdictional scope of § 3731 was broadly intended to encompass "virtually all adverse rulings in criminal cases," we may properly hear this appeal. H.R. Rep. No. 107-685, at 165 (2002) (Conf. Rep.).

2. The district court lacked authority to strike the portions of the RICO charge involving an alleged conspiracy to murder Detective Flores, should the government decide to call him as an expert witness on MS-13 at trial. Though we recognize the district court's concerns about expert witness testimony elicited from witnesses in multiple capacities, *see United States v. Freeman*, 498 F.3d 893, 902–04 (9th Cir. 2007), as an incident of the constitutional separation of powers, charging decisions are generally the prerogative of the prosecutor. *United States v.*

*Armstrong*, 517 U.S. 456, 464 (1996); *United States v. Hall*, 559 F.2d 1160, 1164 (9th Cir. 1977) (citing *United States v. Real*, 446 F.2d 40, 41 (9th Cir. 1971)); *United States v. Olson*, 504 F.2d 1222, 1225 (9th Cir. 1974).

**REVERSED.**