Jason BROWNE; Jason Snider; Jason Shepherd; William Browne; Shannon Snow; Shelby Snow, guardians ad litem of Nick Snow; Dawn Lerch; Teri Rabey; Roger Cecil; Gerald Neto; Tim Burleigh; Debbie Stoups; Greg Allen, Plaintiffs—Appellants,

v.

Steven GOSSETT; Andrea Salas; County of Sonoma; Bobby D. Lucas; City of Arcata; Arcata Police Department; Karen P. Tandy, Administrator of the Drug Enforcement Administration; Jon Pickette, Defendants—Appellees.

No. 06–15345.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 4, 2007.

Filed Dec. 13, 2007.

William M. Simpich, Oakland, CA, for Plaintiffs–Appellants.

Bonnie A. Freeman, Esq., Senneff Freeman & Bluestone, LLP, Santa Rosa, CA, for Defendants–Appellees.

Before: BRIGHT *, FARRIS, and THOMAS, Circuit Judges.

MEMORANDUM **

Plaintiffs appeal the orders of the district court dismissing their claims in part and granting summary judgment against them in part. We affirm. Because the parties are familiar with the factual and procedural history of this case, we need not recount it here.

I

The district court properly dismissed all claims against the federal defendants for failure to state a claim upon which relief can be granted. Plaintiffs sued the federal defendants solely in their official capacities. "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *FDIC v. Meyer*, 510 U.S. 471, 475, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994).

Plaintiffs allege that federal defendants can be sued in their official capacities under 42 U.S.C. § 1983 for conspiring with state officials to violate constitutional rights. However, plaintiffs did not allege any acts of conspiracy between the federal and state defendants. Therefore, even if the "joint actor" theory is applicable to federal officials—a question that we need not, and do not decide—the pleadings fail to state a claim. Therefore, § 1983 does not constitute a waiver of sovereign immunity.

Plaintiffs also allege that the Administrative Procedures Act waives sovereign immunity as to the claims for non-monetary relief. However, the only claim for non-monetary relief is for return of the forfeited currency, and the exclusive remedy for seeking to set aside a declaration of forfeiture under a civil forfeiture statute is pursuant to 18 U.S.C. § 983(e).

Plaintiffs contend that the Tucker Act waives sovereign immunity. However, the Tucker Act provides suits against the United States only; it does not create jurisdiction for suits against federal officials.

For these reasons, the district court properly dismissed the Plaintiffs' claims against the federal officials.

II

The district court held that the patient-plaintiffs lacked standing to contest the search because they were not subject to the search and seizure. Although our review of the district court's determination of standing is subject to *de novo* review, *see Buono v. Norton*, 371 F.3d 543, 546 (9th Cir.2004), its factual determinations

* The Honorable Myron H. Bright, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

are subject to clear error review, *American–Arab Anti–Discrimination Committee v. Thornburgh*, 970 F.2d 501, 506 (9th Cir.1991). The party asserting standing bears the burden of proof of establishing standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). From the scanty and incomplete record Plaintiffs have provided on appeal, we cannot conclude that the district court's factual determination was clearly erroneous. Plaintiffs have simply provided the Court with no basis in the record for reaching a contrary conclusion, much less reaching the conclusion that the factual determinations were in clear error.

### III

■ The district court properly concluded that the warrant was supported by probable cause. The combination of a tip from a confidential information who had proved reliable in the past, the information about prior marijuana-related investigations concerning the Plaintiffs, the presence of high electrical bills, and the observations of the officers at the scene was sufficient to satisfy a determination of probable cause for the search. Our review of the record satisfies us that there were no material omissions or misrepresentations in the affidavits supplied in support of the warrant that would have negated the probable cause finding under *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978).

### IV

■ The district court properly granted summary judgment on the First Amendment claims. "In order to demonstrate a First Amendment violation, a plaintiff must provide evidence showing that 'by his actions [the defendant] deterred or chilled [the plaintiff's] political speech and such deterrence was a substantial or motivating

factor in [the defendant's] conduct.'" *Mendocino Environmental Center v. Mendocino County*, 192 F.3d 1283, 1300 (9th Cir.1999) (quoting *Sloman v. Tadlock*, 21 F.3d 1462, 1469 (9th Cir.1994)). *Mendocino* requires that the defendants intended to interfere with the plaintiff's First Amendment rights. *Id.* The district court properly held that the Plaintiffs had not tendered sufficient evidence to create a genuine issue of material fact demonstrating a nexus between the officer's actions and an intent to chill speech.

### V

■ Given that the state defendants did not violate the Plaintiffs' constitutional rights, the district court correctly concluded that defendants Gossett, Salas, and Lucas were entitled to qualified immunity from suit. *Saucier v. Katz*, 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001).

**AFFIRMED.**