**CONSERVATION FORCE, a non-profit Corporation, Miguel Madero Blasquez, a hunter; and Colin G. Crook, a hunter, Plaintiffs,**

v.

**Ken SALAZAR, United States Secretary of Interior; Rowan Gould, United States Fish and Wildlife Service Acting Director; Daniel G. Shillito, Pacific Southwest Region Solicitor; and Carolyn Lown, Pacific Southwest Region Assistant Solicitor, Defendants.**

**No. C 09–1170 VRW.**

United States District Court, N.D. California.

Dec. 30, 2009.

---

Stanford H. Atwood, Jr., Atwood & Associates, Los Gatos, CA, John Joseph Jackson, III, Conservation Force, Metairie, LA, for Plaintiffs.

Ethan Carson Eddy, U.S. Department of Justice, Washington, D.C., for Defendants.

Daniel G. Shillito, pro se.

## ORDER

VAUGHN R. WALKER, Chief Judge.

This case involves plaintiffs' challenges to defendants' seizure, petition for remission and forfeiture practices in regard to sport-hunted trophies ("trophies") imported into the United States. Doc. # 14. On October 1, 2009, the court heard argument on defendants' motion to dismiss plaintiffs' first amended complaint ("FAC"). For the foregoing reasons, defendants' motion (Doc. # 27) is GRANTED.

### I

On March 17, 2009, plaintiffs Conservation Force, Miguel Madero Blasquez and Colin G. Crook initiated this action by filing a complaint against defendants Ken Salazar, Rowan Gould, Daniel G. Shillito, Carolyn Lown and the United States Fish and Wildlife Service ("FWS") alleging violations of the Civil Asset Forfeiture Reform Act ("CAFRA"), the Administrative Procedure Act ("APA"), the Endangered Species Act ("ESA"), the Eighth Amendment and substantive and procedural due process. Doc. # 1.

The individual plaintiffs, Blasquez and Crook, describe themselves as "hunters." Doc. # 14 at 4–5. Each alleges that he took wildlife from Zambia or Nambia and attempted to import the resulting trophies into the United States only to have them seized and forfeited due to defendants' allegedly unlawful practices. Id. In both situations, the assistant field solicitor would not accept the permits as valid. Id. Because the permits were deemed invalid, the FWS seized and instituted administrative proceedings against individual plain-

tiffs' trophies under the Convention on International Trade in Endangered Species of Wild Fauna and Flora ("CITES"). Id.

The corporate plaintiff, Conservation Force, claims to be a non-profit organization whose "mission is to better use hunting as an ever greater force to conserve wildlife and wild places." Id. at 3. Plaintiffs amended their complaint on May 21, 2009 to add plaintiff Matt Ward, who was subsequently dismissed from this matter. Doc. # 14. On July 29, 2009, defendants moved to dismiss plaintiffs' FAC under FRCP 12(b)(6) (Doc. # 27); plaintiffs oppose (Doc. # 28). Each of plaintiffs' claims are analyzed in turn.

## II

A motion to dismiss under FRCP 12(b)(6) for failure to state a claim upon which relief can be granted "tests the legal sufficiency of a claim." *Navarro v. Block,* 250 F.3d 729, 732 (9th Cir.2001). Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir.1988). In determining whether a claim is sufficient, all material allegations in the pleadings are taken as true and construed in the light most favorable to the non-moving party. See *In re Silicon Graphics Inc. Sec. Lit.,* 183 F.3d 970, 980 n. 10 (9th Cir.1999). But "the court [is not] required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors,* 266 F.3d 979, 988 (9th Cir.2001) (citing *Clegg v. Cult Awareness Network,* 18 F.3d 752, 754–55 (9th Cir.1994)).

## A

As a threshold matter, the court addresses whether plaintiffs' trophies are considered "contraband." There are two types of contraband: per se and derivative. *United States v. One (1) Harley–Davidson Motorcycle Serial No. 4A25791H1,* 508 F.2d 351, 352 (9th Cir. 1974). Per se contraband, by its nature, is illegal to possess. *One 1958 Plymouth Sedan v. Commonwealth of Pennsylvania,* 380 U.S. 693, 699, 85 S.Ct. 1246, 14 L.Ed.2d 170 (1965). Derivative contraband, on the other hand, is not inherently illegal, but becomes illegal through the manner or the intent with which it is used, possessed or acquired. *United States v. Farrell,* 606 F.2d 1341, 1344 (D.C.Cir. 1979).

█ Under CAFRA, "contraband and other property that it is illegal to possess" includes property that becomes illegal to possess because of extrinsic circumstances. *United States v. 144,774 pounds of Blue King Crab,* 410 F.3d 1131, 1135 (9th Cir. 2005). In *Blue King Crab,* the property at issue was taken, possessed, transported or sold in violation of Russian law and was considered "other property that it is illegal to possess" under CAFRA. *Id.* With respect to endangered species—here, leopards—it is unlawful for any person subject to the jurisdiction of the United States to import such species into the United States or for any person to possess any specimens contrary to CITES. 16 USC § 1538(a) & (c).

█ The trophies at issue are "derivative contraband" because without the proper permits under CITES, the trophies are illegal to bring into the United States under the ESA. See 15 USC § 1538. Thus, while it is not per se illegal to import a leopard trophy, the manner in which plaintiffs brought their trophies into the United States transformed the trophies into contraband for purposes of this action.

## B

Plaintiffs' first claim alleges violations of CAFRA, the APA and the Eighth Amendment. Doc. #14 at 22. Plaintiffs allege that the forfeitures were procedurally defective because the petition for remission processes did not afford plaintiffs the innocent owner defense, the proportionality test nor notice and hearing. Id. at ¶¶ 128–29. Defendants argue that CAFRA bars judicial review of plaintiffs' claims—except for that under the Eighth Amendment—because CAFRA limits review to actions alleging that claimants received insufficient notice of the proceedings. Doc. #27 at 21.

### 1

Under CAFRA, an agency must notify parties that have an interest in the seized property of the agency's intent to forfeit the goods administratively. 18 USC § 983(a)(1). Once notified, an interested party may choose to allow the forfeiture to proceed administratively or may compel the government to initiate a judicial forfeiture action by filing a claim for the property. Id. at § 983(a)(2). CAFRA thus provides alternative, not sequential, administrative and legal remedies for an administrative forfeiture. *Malladi Drugs & Pharmaceuticals, Ltd. v. Tandy*, 552 F.3d 885, 890 (D.C.Cir.2009).

A person entitled to receive notice in any nonjudicial civil forfeiture proceeding and who does not receive such notice may file a motion to set aside a declaration of forfeiture. 18 USC § 983(e)(1). In such circumstances, a motion to set aside a declaration of forfeiture is the exclusive remedy. Id. at § 983(e)(5). Because CAFRA does not provide for judicial review of administrative forfeiture decisions, the merits of those decisions fall within the agency's sphere of unreviewable discretion. *Gete v. INS*, 121 F.3d 1285, 1291 (9th Cir.1997). A challenge to the merits of an agency decision cannot be heard, but a challenge to the procedures on constitutional grounds may be brought in federal court. *Id.*

■ While generally any material beyond the pleadings may not be considered on a motion to dismiss, under FRE 201 a court may take judicial notice of matters of public record. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir.2001). Judicial notice is taken of the disputed forfeiture proceedings, which indicate that each individual plaintiff was provided notice and an opportunity to appear at his forfeiture proceeding. Doc. ## 27–3, 27–4, 27–12, 27–13, 27–14. These materials make clear that plaintiffs received the proper notice of the proceedings and chose to continue with the administrative remedy. Plaintiffs' non-constitutional claims based on the merits of the forfeiture proceedings therefore are barred from judicial review. See 18 USC § 983(e).

■ Moreover, plaintiffs' innocent owner defense was properly excluded because, under CAFRA, the defense cannot be asserted when the property to be forfeited is "contraband or other property that it is illegal to possess." *Blue King Crab*, 410 F.3d at 1132; see also 18 USC § 983(d)(4). As used in CAFRA, contraband includes both goods that are inherently illegal to possess and otherwise legal goods that have been imported illegally. *Id.* at 1133. As discussed above, plaintiffs' trophies are "contraband" under CAFRA; the innocent owner defense is not available for imports that are illegal to possess. See *id.* at 1135. Accordingly, plaintiffs' CAFRA claim is DISMISSED.

### 2

■ Plaintiffs' first claim also alleges a violation of the APA. Doc. #14 at 22. Under the APA, judicial review of agency

action is prohibited if the action was committed to agency discretion by law. 5 USC § 701(a)(2). The agency's decision not to remit administratively forfeited property is an exercise of the Secretary's discretion and therefore, not reviewable by the courts. *Ivers v. United States,* 581 F.2d 1362, 1370 (9th Cir.1978).

Additionally, the exclusive remedy for seeking to set aside a declaration of forfeiture under a civil forfeiture statute is pursuant to CAFRA section 983(e). *Browne v. Gossett,* 259 Fed.Appx. 928 (9th Cir. 2007). Because petitions for remission are determined by the Solicitor in his or her discretion, 50 CFR section 12.24, plaintiffs' APA claim cannot properly be reviewed by this court.

3

Plaintiffs further allege that the forfeitures at issue violate the excessive fines clause of the Eighth Amendment. Doc. # 14 at 23. Plaintiffs contend that the forfeitures were excessive because the value of the trophies exceeds any fines that could have been imposed under CITES. Doc. # 14 at 13.

■ A forfeiture action is not violative of the excessive fines clause if the property forfeited is an instrumentality of a crime committed and the value of the property is proportional to the culpability of the owner. *United States v. Real Property Located In El Dorado County at 6380 Little Canyon Road, El Dorado, Cal.,* 59 F.3d 974, 982 (9th Cir.1995). In determining whether a forfeiture is constitutionally excessive, the forfeiture shall be compared to the gravity of the offense giving rise to the forfeiture. 18 USC 983(g)(1) & (2). Plaintiffs carry the burden of establishing by a preponderance of the evidence that the forfeitures of their trophies was "grossly disproportional" to the gravity of the offense. 18 USC § 983(g)(3).

■ Forfeiture of contraband itself may be characterized as remedial because it removes dangerous or illegal items from society. *Austin v. United States,* 509 U.S. 602, 621, 113 S.Ct. 2801, 125 L.Ed.2d 488 (1993). Civil forfeiture against an object based on the unlawful use of such object has a remedial purpose. *United States v. Seifuddin,* 820 F.2d 1074, 1075 (9th Cir. 1987). The civil forfeiture here is remedial because it served to remove congressionally-defined contraband from society. See *Austin,* 509 U.S. at 621, 113 S.Ct. 2801; see also 16 USC § 1538. Moreover, CAFRA does not permit the government to return contraband which would be illegal to possess. 18 USC § 983(a)(1)(F). Plaintiffs therefore cannot legally possess the trophies because the trophies were imported in violation of CITES and the ESA.

Additionally, plaintiffs do not persuade the court that the forfeitures were "grossly disproportionate" to the offenses. Plaintiffs' argument that the forfeitures were excessive because the fines under CITES would not exceed the value of the trophies does not indicate gross disproportionality. CITES advances the government's compelling interest in the conservation and protection of endangered species. See *Tennessee Valley Authority v. Hill,* 437 U.S. 153, 175, 98 S.Ct. 2279, 57 L.Ed.2d 117 (1978) ("Congress intended endangered species to be afforded the highest of priorities"). Any wildlife imported in violation of the ESA is subject to forfeiture to the United States. 16 USC § 1540(e)(4)(A). Plaintiffs failed to comply with the mandates of CITES and the ESA; the resulting forfeitures are clearly within the remedial bounds as set forth by Congress. Therefore, a violation of the Eighth Amendment has not been pled.

For the reasons stated above, defendants' motion to dismiss (Doc. # 27) plaintiffs' first claim in the FAC is GRANTED.

## C

Plaintiffs' second claim alleges violations of their substantive and procedural due process rights. Doc. # 14 at ¶¶ 135–139. Individual plaintiffs claim that the forfeiture proceedings irrationally deprived them of their protected property interests because export permits' errors were correctable. Id. Defendants argue that plaintiffs' due process rights cannot be violated because they have no fundamental property right in contraband. Doc. # 27 at 29. Despite the fact that plaintiffs seem to conflate their procedural and substantive due process claims, the court will analyze the substantive and procedural due process claims in turn.

### 1

Substantive due process has two, distinct features: first, the due process clause protects those fundamental rights and liberties which are deeply rooted in history and tradition; second, there needs to be a careful description of the asserted fundamental interest. *Washington v. Glucksberg*, 521 U.S. 702, 720–21, 117 S.Ct. 2258, 138 L.Ed.2d 772 (1997). Plaintiffs due process rights cannot be infringed if the infringement is narrowly tailored to serve a "compelling state interest." *Id.*

Plaintiffs claim a fundamental property right to the trophies, but do not state how the right to illegally-imported goods is deeply rooted in the country's history or tradition. Importers do not have a property interest in having contraband returned to them. *United States v. Jeffers*, 342 U.S. 48, 53, 72 S.Ct. 93, 96 L.Ed. 59 (1951). Allowing repossession of contraband would subject plaintiffs to further penalties and would clearly frustrate the express public policy against possession of such objects. *One 1958 Plymouth Sedan*, 380 U.S. at 699, 85 S.Ct. 1246.

CITES Resolution 12.3 recommends that parties to the Convention refuse to accept any permit or certificate that is invalid. CITES Res Conf. 12.3 (Rev CoP14 2002). The resolution further notes that the "retrospective issuance of permits and certificates has an increasingly negative impact on the possibilities for properly enforcing the Convention and leads to the creation of loopholes for illegal trade." Id. If plaintiffs were permitted to have their trophies returned or retroactive export permits issued, the underlying purpose of CITES would be undermined. As previously stated, the goal of protecting and conserving ESA-listed endangered species is a compelling governmental interest given the highest priority. *Hill*, 437 U.S. at 175, 98 S.Ct. 2279. CITES narrowly serves the state interest in conservation and protection of species by setting specific requirements and quotas for importing and exporting endangered species. Simply put, because the trophies at issue are derivative contraband and the governmental interest in conservation of endangered species is compelling, plaintiffs do not have a fundamental property right in the trophies and their substantive due process claim cannot stand.

### 2

To state a claim for procedural due process, plaintiffs must address two distinct elements: a deprivation of a constitutionally-protected property interest and a denial of adequate procedural protections. *Brewster v. Board of Educ. of Lynwood Unified School Dist.*, 149 F.3d 971, 983 (9th Cir.1998).

While per se contraband may be summarily forfeited without any due process protections, derivative contraband is susceptible to protectible property rights and cannot be civilly forfeited without a modicum of due process protection. *Con-*

*key v. Reno,* 885 F.Supp. 1389, 1398 (D.Nev.1995); *see also Farrell,* 606 F.2d at 1344–46. The strict permitting requirements of CITES and the ESA are the least restrictive means to promote the government's compelling interest in the protection and conservation of endangered species. *United States v. Adeyemo,* 624 F.Supp.2d 1081, 1090 (N.D.Cal.2008). This permitting scheme—with respect to CITES and ESA-listed species—is designed to allow for efficient review of whether the exporting country has issued valid authorization for the export of the specimens. Id. at 7–8. Exceptions to the CITES regime undermine the government's ability to further its interest in protecting endangered species. Id.

■ As stated herein, plaintiffs do not have a constitutionally-protected property right to the trophies because the trophies were illegally imported in violation of CITES and the ESA. Additionally, plaintiffs were provided with notice and an opportunity to be heard before their property was forfeited, as evidenced by the administrative proceedings. Therefore, plaintiffs have not alleged a procedural due process violation.

Accordingly, defendants' motion to dismiss (Doc. # 27) plaintiffs' second claim is GRANTED.

**D**

■ Plaintiffs' third claim alleges that defendants' practices violated section 8 of the ESA, which mandates that the Secretary of the Interior cooperate with foreign nations' conservation programs. Doc. # 14 at ¶¶ 141–42. In opposition, plaintiffs seem to raise a claim under section 7 of the ESA. Doc. # 28 at 21. A claim raised for the first time in briefing on a motion to dismiss may not be considered. *See Stallcop v. Kaiser Foundation Hospitals,* 820 F.2d 1044, 1050 n. 5 (9th Cir.1987). Ac-

cordingly, the court does not consider plaintiffs' section 7 claim for the purposes of this order.

■ It also appears that, in opposition, plaintiffs abandon their section 8 claim. Doc. # 28 at 21. Where plaintiffs fail to provide a defense for a claim in opposition, the claim is deemed waived. *See Locricchio v. Office of U.S. Trustee,* 313 Fed. Appx. 51, 52 (9th Cir.2009). Despite plaintiffs' apparent abandonment, the court briefly considers their ESA section 8 claim.

To bring a citizen suit under the ESA, plaintiffs must allege "a failure of the Secretary to perform any act or duty under section 1533 of this title which is not discretionary." 16 USC § 1540(g)(1)(C). Plaintiffs have not alleged such a violation under section 1533 and, therefore, have not stated a claim under this provision.

■ Plaintiffs may also seek to enjoin any person who is alleged "to be in violation of any provision of this chapter or regulation issued under the authority thereof." 16 USC § 1540(g)(1)(A). "Violation" has been interpreted to be consistent with the use of the term throughout the ESA and "cannot be interpreted to include the Secretary's maladministration of the ESA." *Bennett v. Spear,* 520 U.S. 154, 174, 117 S.Ct. 1154, 137 L.Ed.2d 281 (1997). Plaintiffs' allegation that defendants failed to cooperate with foreign nations' conservation programs alleges nothing more than maladministration of the ESA. Adjudicating errors on the part of the Secretary in administering the ESA "would effect a wholesale abrogation of the APA's 'final agency action' requirement." *Bennett,* 520 U.S. at 174, 117 S.Ct. 1154. Merely because plaintiffs feel that defendants' actions do not adequately cooperate with other nations' conservation programs does not logically lead to the conclusion

that a "violation" of the ESA has occurred. Accordingly, plaintiffs' ESA section 8 claim cannot be brought under section 1540(g)(1)(A).

For these reasons, defendants' motion to dismiss (Doc. # 27) plaintiffs' third claim is GRANTED.

**E**

■ Lastly, defendants challenge the standing of plaintiff Conservation Force. Doc. # 27. The doctrine of standing "serves to identify those disputes which are appropriately resolved through the judicial process." *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992) (plurality opinion). The constitutional minimum for standing contains three basic elements: injury-in-fact, causation and redressability. *Id.* Plaintiffs must make this showing based on their complaint. *Raines v. Byrd,* 521 U.S. 811, 818, 117 S.Ct. 2312, 138 L.Ed.2d 849 (1997).

■ An association has standing to bring suit on behalf of its members when its members would otherwise have standing to sue in their own right, the interests it seeks to protect are germane to the organization's purpose and neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit. *Hunt v. Washington State Apple Advertising Commission,* 432 U.S. 333, 342, 97 S.Ct. 2434, 53 L.Ed.2d 383 (1977). To establish the concrete and particularized injury that standing requires, the organization must present their members' injuries. *Summers v. Earth Island Institute,* —— U.S. ——, 129 S.Ct. 1142, 1150–51, 173 L.Ed.2d 1 (2009). A mere "interest in the problem" is not sufficient to render the organization "adversely affected." *Sierra Club v. Morton,* 405 U.S. 727, 740, 92 S.Ct. 1361, 31 L.Ed.2d 636 (1972). Likewise, a general

averment of facts constituting an injury of members is not enough to constitute injury-in-fact. *Lujan v. National Wildlife Federation,* 497 U.S. 871, 889, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990).

The complaint alleges that Conservation Force's members and supporters have "lost millions of dollars of trophies" due to the government's seizure and forfeiture practices and these practices are threatening the sustainable use, pay-based programs Conservation Force supports around the world. Doc. # 14 at ¶ 9. Conservation Force purports to represent the hunters named in the complaint and others not only as a public service to ensure and protect rights of the individuals, but also because of the negative impact the alleged illegal forfeiture practices are having on foreign nations' programs for CITES or ESA-listed game species. Id. at ¶ 12.

■ Here, without the individual plaintiffs, whose claims have been dismissed above, or other injured members, Conservation Force cannot challenge any specific forfeiture proceeding because no property has been seized from it. To challenge an administrative forfeiture, a claimant needs to demonstrate a "colorable interest in the property" such as "actual possession, control, title, or financial stake." *United States v. Real Property Located at 5208 Los Franciscos Way, Los Angeles,* 385 F.3d 1187, 1191 (9th Cir.2004). Conservation Force, without an individual plaintiff, does not have standing to challenge the forfeitures at issue in this case because it has no "colorable interest" in seized trophies. When stripped of its individual plaintiffs, the complaint does not allege that Conservation Force, or any of its specific members, has or will suffer a specific, unlawful forfeiture of a trophy, nor could Conservation Force make such an allegation because any future forfeiture would be

nothing more than an individual's planned noncompliance with the permitting requirements of CITES and a prediction of whether the Secretary would exercise his or her discretion by instituting forfeiture proceedings.

In opposition, plaintiffs note that the instant action seeks declaratory relief "to establish the unlawfulness of defendants' actions" and that Conservation Force represents "a great many people whose interests are harmed by defendants' actions, and who are entitled to a determination that defendants' actions are improper." Doc. # 28 at 22. Declaratory relief actions require that the dispute be "definite and concrete, touching the legal relations of parties having adverse legal interests" and be "real and substantial," as opposed to an opinion "advising what the law would be upon a hypothetical state of facts." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127, 127 S.Ct. 764, 166 L.Ed.2d 604 (2007). Without affidavits presenting a specific member's injury-in-fact, Conservation Force does not have a "definite and concrete" dispute with defendants that would allow declaratory relief. Any prospective action by this court that were to find defendants' actions to be improper could only be based on conjecture—namely, how defendants would proceed under a set of hypothetical facts. Such relief is not available to Conservation Force without the participation of an individual aggrieved member.

Furthermore, the right of judicial review under the APA is limited to "final agency action for which there is no other adequate remedy in a court." 5 USC § 704; see also *Lujan v. National Wildlife Federation*, 497 U.S. 871, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990). Conservation Force cannot seek a general improvement in the forfeiture proceedings by a court decree; such an action should be taken up legisla-

tively, where programmatic improvements are normally made. *National Wildlife Federation*, 497 U.S. at 891, 110 S.Ct. 3177; see also *Norton v. Southern Utah Wilderness Alliance*, 542 U.S. 55, 64, 124 S.Ct. 2373, 159 L.Ed.2d 137 (2004).

In sum, conservation Force cannot challenge the forfeiture proceedings on such general terms and, without a forfeited piece of property it has not alleged an injury-in-fact. Conservation Force has not alleged that any specific member has been injured nor how the claims alleged do not require the participation of individual members. Accordingly, because individual plaintiffs' claims have been dismissed, plaintiff Conservation Force does not have standing to sue and is DISMISSED from this action.

### III

For the reasons stated herein, defendants' motion to dismiss (Doc. # 27) plaintiffs' FAC based on CAFRA, the APA, the ESA, the Eighth Amendment and procedural and substantive due process is GRANTED as a matter of law. As it appears the defects in the FAC could not be cured by amendment, this dismissal is with prejudice. The clerk shall enter judgment and close the file.

IT IS SO ORDERED